CAMPBELL, Acting Chief Judge.
Appellant challenges his robbery conviction on the grounds that the jury should have been instructed on the lesser included offense of resisting a merchant. He also maintains that the court compounded that error by preventing defense counsel from informing the jury of that offense, thus precluding appellant from presenting his defense to the jury. We agree.
Although K.C. v. State, 524 So.2d 658 (Fla.1988) and the version of the statute interpreted therein, section 812.015(6), Florida Statutes (1991), previously required that the defendant be convicted of theft before he or she could be charged with resisting a merchant, the statute, apparently in response to K.C., was amended in 1992 to eliminate that requirement. The following emphasized language was added: “An individual who, while committing or after committing theft of property, resists” and the language “and who is subsequently found to be guilty of theft of the subject property is guilty of’ was eliminated. See § 812.015(6), Fla.Stat. (1993). Given the fact that this amendment took effect on October 1, 1992, and appellant’s offenses occurred on September 2, 1993, the amendment applied to him. Since the facts here supported such a charge, appellant’s conviction is reversed and remanded for a new trial in which the jury may be instructed on resisting a merchant.
FULMER and WHATLEY, JJ., concur.