677 So.2d 59 (1996)
Howard A. BIESER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4658.
District Court of Appeal of Florida, First District.
July 12, 1996.
Howard A. Bieser, pro se, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The trial court summarily denied appellant's motion for postconviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850. In addition to claiming that ineffective assistance was rendered by two of appellant's former attorneys who did not participate in his sexual battery trial, the motion also alleged ineffective assistance on the part of trial counsel for inadequate preparation. Although these claims are facially insufficient as set forth in the motion and were properly denied, the appellant has raised two grounds for relief that the state correctly concedes should not have been subject to summary denial. Specifically, appellant alleged that trial counsel failed to act upon being informed that one of the jurors was sleeping through critical defense testimony, see Kesick v. State, 448 So.2d 644 (Fla. 4th DCA 1984), and failed to object to the introduction of closed circuit testimony from the child victim.[1] Consequently, we remand *60 these two claims to the trial court for an evidentiary hearing or for attachment of portions of the record conclusively refuting the claims.
AFFIRMED in part, REVERSED in part and REMANDED.
MINER, ALLEN and LAWRENCE, JJ., concur.
NOTES
[1] We note that the counsel's failure to object precluded this claim from being raised on direct appeal. See Hopkins v. State, 632 So.2d 1372 (Fla.1994).