688 So.2d 1002 (1997)
Michelle DUVAL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01213.
District Court of Appeal of Florida, Second District.
February 28, 1997.
*1003 Shelly A. Gallagher, Bradenton, for Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
The defendant, Michelle Duval, was convicted of robbery, carrying a concealed weapon, possession of marijuana and obstructing or opposing an officer without violence. She appeals her robbery conviction, asserting trial and sentencing errors. We find merit only in her contention that the trial court erroneously failed to instruct the jury on the lesser included offense of resisting a merchant.
The testimony at trial established that the defendant and a codefendant, Bonnie Harvan, took a purse valued at $18 from a display rack in J.C. Penney's and left the store. After talking with friends in the mall for a few minutes, they continued to walk through the mall. A J.C. Penney security guard approached them approximately fifty to sixty feet from the J.C. Penney's entrance. When he showed his security badge and asked them to return to the store, both women ran. While following them, the security guard heard the defendant tell Harvan, "Get the mace, get the mace." The security guard jumped on the defendant. During their struggle, Harvan sprayed the security guard and the defendant with mace. The defendant then escaped, but was apprehended shortly afterwards by a St. Petersburg police officer in the parking lot.
At the close of all the evidence, defense counsel requested that the jury be instructed on the charge of resisting a merchant, pursuant to section 812.015(6), Florida Statutes (1993), as a lesser included offense of robbery. The trial court denied the request and instructed the jury on the primary charge of robbery and the necessarily lesser included offense of petit theft. The jury found the defendant guilty of robbery, as charged in the information.
On appeal, the defendant seeks a new trial on the robbery conviction based on the trial court's failure to instruct the jury on the lesser included offense of resisting a merchant. Pursuant to the 1992 amendment of section 812.015(6), the charge of resisting a merchant is a permissive lesser included offense of robbery. An instruction on a permissive lesser included offense must be given "when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged." Wilcott v. State, 509 So.2d 261, 262 (Fla.1987). Because the allegations in the information and the facts adduced at trial supported this lesser charge, it was error for the trial court to deny the defendant's request. See Sanders v. State, 654 So.2d 1279 (Fla. 2d DCA 1995). Accordingly, we reverse the defendant's robbery conviction and remand for a new trial in which the jury may be instructed on resisting a merchant.
Reversed and remanded.
PARKER, A.C.J., and NORTHCUTT, J., concur.