PER CURIAM.
Appellant, Edward Maldanado (“defendant”), appeals his strong-arm robbery conviction contending that the trial court erred in denying his requested jury instruction on resisting a merchant. We agree and reverse.
On December 1, 1995, the head of security at Best Buy saw the defendant put a ear stereo speaker under his shirt and leave the store. The defendant then re-entered the store, and put a Walkman and another stereo speaker under his shirt. The security guard approached the defendant, and asked him to come to the security office. According to the security guard, the defendant pushed him in the chest and struck him in the face while attempting to leave the store.
The defendant was arrested and charged with strong-arm robbery. Prior to trial, defense counsel informed the court that the defense would request a jury instruction on the lesser offense of resisting a merchant pursuant to section 812.015(6), Florida Statutes (1995), as a lesser-included offense of robbery. The court deferred ruling, and subsequently denied the request to instruct the jury on resisting a merchant. The trial judge instructed the jury on battery and petit theft as lesser-included offenses of robbery. The jury then convicted the defendant of strong-arm robbery.
Pursuant to the 1992 amendment of section 812.015(6), Florida Statutes, the charge of resisting a merchant is a lesser-included offense of robbery. Appellant capably points out that because the facts adduced at trial supported this lesser charge, it was error for the trial court to deny defendant’s request. See Wilcott v. State, 509 So.2d 261 (Fla.1987); Sanders v. State, 654 So.2d 1279 (Fla. 2d DCA 1995). We reverse defendant’s robbery conviction, and remand for a new trial because the jury should have been instructed on the lesser-included offense of resisting a merchant. See Duval v. State, 688 So.2d 1002 (Fla. 2d DCA 1997); Lamb v. State, 679 So.2d 59 (Fla. 4th DCA 1996).
Reversed and remanded for new trial.