# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3325

_____

HOWARD ANTHONY BIESER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

October 24, 2019

B.L. THOMAS.

The Appellant, Howard Anthony Bieser, appeals from an order denying his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's denial but write to discuss the Appellant's abusive filing history in this Court and impose sanctions.

The Appellant was originally charged with committing a lewd and lascivious act upon a child. In May of 1993, he pleaded nolo contendere to the charge and sentencing was deferred until a later date. Six days before his scheduled sentencing hearing, he filed a pro se motion to withdraw plea. The trial court granted the motion. Subsequently, the State filed an amended information charging the Appellant with capital sexual battery on a child under 12 years of age (count I) and a lewd and lascivious act upon a child (count

II). On November 2, 1993, the Appellant was convicted as charged after a jury trial. On December 21, 1993, he was sentenced to life in prison on count I. He was not adjudicated guilty or sentenced on count II. His conviction and sentence were affirmed on appeal, with the mandate issuing on March 28, 1995. *See Bieser v. State*, 651 So. 2d 1198 (Fla. 1st DCA 1995) (Table).

Since the Appellant's conviction and sentence became final, he has filed numerous postconviction motions, appeals, and petitions. In addition to the two rule 3.850 motions at issue in the instant appeal, the Appellant has filed five rule 3.850 motions and two motions to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The denial of those motions resulted in five postconviction appeals. *See Bieser v. State*, 677 So. 2d 59 (Fla. 1st DCA 1996); *Bieser v. State*, 706 So. 2d 287 (Fla. 1st DCA 1998) (Table); *Bieser v. State*, Case No. 1D96-2289; *Bieser v. State*, Case No. 1D05-4662; *Bieser v. State*, 160 So. 3d 410 (Fla. 1st DCA 2015). He has received no substantive relief in any of these cases aside from the reversal of the summary denial of two claims. *See Bieser*, 677 So. 2d at 59. The order denying those claims after an evidentiary hearing was subsequently affirmed on appeal. *See Bieser*, 706 So. 2d at 287. The Appellant has also filed a petition for writ of habeas corpus in this Court, which was denied. *See Bieser v. State*, 845 So. 2d 186 (Fla. 1st DCA 2003).

A review of these postconviction motions, appeals, and petitions reveals a pattern of filing repetitive, untimely, and successive claims. The Appellant has raised the same double jeopardy claim on four separate occasions. Twice, he challenged the information as fundamentally defective. On three occasions, his rule 3.850 motions were untimely and failed to establish a valid exception to the time limitation. Four of his rule 3.850 motions were successive without establishing good cause for the violation of the prohibition against successive rule 3.850 motions.

In the instant appeal, the Appellant asked this Court to review an order denying two rule 3.850 motions: the Appellant's fourth rule 3.850 motion, originally filed on September 9, 1996,*

---

* The trial court had previously overlooked the fourth rule 3.850 motion. The motion came to the trial court's attention during its consideration of the seventh rule 3.850 motion, and therefore

2

and his seventh rule 3.850 motion, which was filed on March 5, 2018. The claims raised in these motions were either untimely, successive, not cognizable in a postconviction proceeding, or some combination of the three.

This Court has the inherent authority to sanction an abusive litigant whose pattern of frivolous and repetitive filings consume scarce judicial resources and delay the resolution of legitimate filings. *See Armstead v. State*, 817 So. 2d 841, 842 (Fla. 2002); *Hall v. State*, 94 So. 3d 656, 656 (Fla. 1st DCA 2012). Here, given the Appellant's obvious abuse of the judicial process, we can think of no grounds that would explain or excuse his excessive frivolous filings and we need not allow him an opportunity to attempt to explain or excuse them. Therefore, we hold that the Appellant is barred from further pro se filings in this Court related to the judgment and sentence in Bay County Circuit Court case number 1993-CF-0130. The Clerk of Court is directed not to accept any future filings concerning this case unless they are filed by a member in good standing of The Florida Bar. Any filings that violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided in section 944.279, Florida Statutes.

AFFIRMED.

KELSEY and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Howard Anthony Bieser, pro se, Appellant.

_____

the trial court issued a single order denying both the fourth and seventh motions.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.