728 So.2d 761 (1999)
Richard E. EPPS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03173
District Court of Appeal of Florida, Second District.
February 10, 1999.
*762 Phyllis Diaz Chew, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
DANAHY, Paul W., (Senior) Judge.
Richard Epps raises three issues in this appeal from his convictions for robbery and resisting arrest without violence. We agree with Epps on only one issuethat the trial court erred in denying his request for a jury instruction on the crime of resisting a merchant, a permissive lesser included offense of the robbery charge. Accordingly, we reverse the robbery conviction and remand for a new trial on that count, but affirm the conviction for resisting arrest without violence.
The evidence at Epps's jury trial indicated that on January 15, 1997, Randy Tomko, a security guard at Wal-Mart in Winter Haven, observed Epps take an answering machine from the electronics department and conceal it in the front of his pants. Tomko confronted Epps outside the store. Epps got into his car and Tomko held the door to prevent Epps from closing it. Tomko testified Epps started kicking and punching. Tomko further testified that, after a struggle, Epps agreed to go back into the store. The police were called, and Epps gave the investigating officer a false name.
The information alleged that Epps did "unlawfully take from the person or custody of Randy Tomko ... merchandise, with the intent to temporarily or permanently deprive Randy Tomko of a right to the property ... by force, violence, assault or putting the said Randy Tomko in fear." At trial, Epps requested that the jury be instructed on resisting a merchant as a permissive lesser included offense of robbery. The State argued below, as it does on appeal, that the information did not allege that the property was taken from a merchant, but rather from a "person." The trial court agreed and refused to give the instruction.
"The law requires that an instruction be given for any lesser offense all the elements of which are alleged in the accusatory pleadings and supported by the evidence adduced at trial." State v. Weller, 590 So.2d 923, 926 (Fla.1991) (citing Wilcott v. State, 509 So.2d 261 (Fla.1987)). The charge of resisting a merchant is a permissive lesser included offense of robbery. See Duval v. State, 688 So.2d 1002 (Fla. 2d DCA 1997). The State does not dispute that the evidence supported the requested jury instruction. However, as noted, it argues that the elements of the offense of resisting a merchant were not contained in the information because the information did not allege that Tomko was, in fact, a merchant.
We disagree with the State's argument. The definition of "merchant" includes an agent or employee "of any premises or apparatus used for retail purchase or sale of any merchandise." § 812.015(1)(b), Fla. Stat. (1995). The evidence clearly showed that Tomko was an employee of Wal-Mart. In fact, the trial court relied on Tomko's status as a store security guard in denying Epps's motion for judgment of acquittal in which he argued that there was no evidence that Tomko had a right to the property in question. Under these circumstances, we conclude that the State may not avoid an instruction on a required permissive lesser included offense by omitting the victim's status from the charging document especially where, as here, proof of the victim's status was necessary to prove the charged offense.
We affirm the judgment and sentence in count II, resisting arrest without violence. We reverse Epps's conviction for robbery and remand for a new trial on that charge.
PATTERSON, A.C.J., and STRINGER, THOMAS E., SR., ASSOCIATE JUDGE, Concur.