NORTHCUTT, Judge.
A jury convicted Terry Burton of the robbery of the 801 Truck Stop. He argues the trial court should have instructed the jurors on the permissive, lesser-included offense of resisting a merchant.[1] We agree.
When requested, an instruction on a permissive, lesser-included offense must be given when the information alleges all the elements of the included offense and the evidence at trial supports the instruction. State v. Weller, 590 So.2d 923, 926 (Fla.1991); Epps v. State, 728 So.2d 761, 762 (Fla. 2d DCA 1999). As was the ease in Epps, the trial court here denied the requested instruction for resisting a merchant because it determined that the information did not specifically allege that the victim was an employee of a merchant. The information against Burton stated that he did
unlawfully, by force, violence, assault or putting in fear[,] rob, steal and take away from the person or custody of DONNA LANE OR THE 301 TRUCK STOP certain property; to wit: lawful U.S. currency, the value of said property being three hundred ($300.00) dollars or more, but less that twenty thousand ($20,000.00) dollars, with the intent to permanently or temporarily deprive DONNA LANE OR THE 301 TRUCK STOP of said property.
As we noted in Epps, the definition of a merchant “includes an agent or employee ‘of any premises or apparatus used for retail purchase or sale of any merchandise.’ ” Like Epps, the evidence here showed that the named victim, Ms. Lane, was an employee of the business. But the information in this case went further than the one in Epps; it mentioned the name of the merchant as well. On appeal, the State essentially admits that the information alleged the offense of resisting a merchant, and we agree. See Epps, 728 So.2d at 762.
But the State argues that the trial court’s decision to deny the requested instruction was right for the wrong reason. See Lowery v. State, 766 So.2d 417 (Fla. 4th DCA 2000). It contends that the evidence did not support an element of the offense, i.e., that Burton resisted the employee’s “reasonable effort .. n to recover the property.” § 812.015(6). We disagree. Ms. Lane testified that she came out of a back room and saw Burton taking money from a cash drawer. She asked what he was doing and pushed him away from the drawer. He then shoved her out of the way and returned to the cash drawer. This evidence was sufficient to allow the jurors to decide whether Burton was resisting Lane’s effort to recover the money.
Because the information against Burton alleged all the elements of resisting a merchant, and because the evidence at trial supported the elements of that crime, the trial court should have given the requested instruction on this permissive, lesser-included offense. We reverse and remand for a new trial on the robbery charge. See Epps, 728 So.2d at 762.
DAVIS, J., and GREEN, OLIVER L., Senior Judge, concur.

. § 812.015(6), Fla. Stal. (2001).