899 So.2d 392 (2005)
Nicolo J. GIAN-GRASSO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3990.
District Court of Appeal of Florida, Fourth District.
March 30, 2005.
Nicolo J. Gian-Grasso, Avon Park, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Nicolo Gian-Grasso appeals the trial court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The motion raised several claims of ineffective assistance of counsel. We hold that the trial court's summary denial of the motion was proper as to all but one of the claims.
*393 Gian-Grasso was convicted after jury trial of burglary with a battery. During jury deliberations, the jury sent the judge a note asking whether it could convict of both trespass and battery, which were listed individually as lesser-included offenses on the verdict form, or if they had to choose only one. The court instructed the jury that they could check only one box on the verdict form. Counsel agreed with the court's decision.
Counsel's failure to object meant the issue was not preserved for appellate review. Giangrasso v. State, 793 So.2d 71, 73 (Fla. 4th DCA 2001). Gian-Grasso's rule 3.850 motion claimed trial counsel was ineffective in not objecting to this issue.
We hold that the trial court erred in summarily denying this claim because the claim is sufficient and not refuted by the record. Nothing in the record indicates that counsel's acquiescence was part of an "all-or-nothing" trial strategy. Davis v. State, 648 So.2d 1249 (Fla. 4th DCA 1995).
A defendant is entitled to have a jury consider convicting of the two separate component offenses of a compound offense such as burglary with a battery. As explained in Bledsoe v. State, 764 So.2d 927, 929 (Fla. 2d DCA 2000), "`Burglary with a battery' is a legislative combination of two separate common law crimes." A judgment could be entered on both the lesser-included offenses of trespass and battery because the information included the facts necessary to support convictions for both offenses. Id.
Where a defendant is charged with burglary, a jury could find that the defendant had no criminal intent upon entering but subsequently formed the intent to commit an offense, such as, in this case, battery. In this situation, the defendant has committed a trespass and a battery but not a burglary. A defendant is entitled to have the jury determine when the intent was formed and consider the alternative of convicting of both component offenses, rather than burglary or just one of the component offenses.
The jury's determination greatly affects the severity of the charge and punishment. "Burglary with a battery" is a first-degree felony punishable by life in prison. § 810.02(2), Fla. Stat. (1999). In contrast, trespass and simple battery are misdemeanors each punishable by no more than a year in jail.
We hold that under the circumstances presented here the jury should have been permitted to convict of the two separate component offenses.
Counsel may have been ineffective in failing to preserve this issue for appellate review. Accordingly, we reverse and remand for an evidentiary hearing limited to the issue discussed in this opinion. The trial court should determine whether counsel made a strategic decision to waive possible conviction of both lessers.
REVERSED AND REMANDED for an evidentiary hearing.
STEVENSON, SHAHOOD and HAZOURI, JJ., concur.