907 So.2d 1208 (2005)
Stephan Kent STUCKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2422.
District Court of Appeal of Florida, Fifth District.
June 17, 2005.
Rehearing Denied August 5, 2005.
*1209 Raymond M. Warren of Warren & Warren, P.A., Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
This appeal causes us to consider whether a person charged with robbery of a vaguely described retail merchant is entitled to have the jury consider the permissive lesser offense of resisting a merchant when reaching a verdict. Under the facts presented, we conclude that the appellant was entitled to have this matter submitted to the jury, and reverse.
The appellant, Stephen K. Stuckey[1], and his codefendant were arrested by members of the Sam's Club Loss Prevention Team. Mr. Stuckey and the codefendant were observed while in a Sam's Club store shoving DVDs into the waist bands of their pants. As the two men tried to exit the store, they were confronted by the Sam's Club employees. While the codefendant did not struggle, Mr. Stuckey attempted to flee. He was eventually taken down and handcuffed by the loss prevention team, which then recovered DVDs on him valued at $241.02.
The information filed by the State charging him with robbery alleged that Mr. Stuckey:
[D]id take money or other property, from the person or custody of another, Chris Meade or Robert Becker, with the intent to permanently or temporarily deprive said person of said property, and in the course of the taking did use force, violence, assault, or putting in fear, and further, Stephen Kent Stuckey had previously been convicted two or more times of theft, to-wit: grand theft in case no. 82-4234-BB, grand theft in case no. 84-2596-CC, grand theft in case no. 84-3375-CC, in Volusia County, contrary to Sections 812.13(1) and 812.13(2)(c), 812.014(3)(c), Florida Statutes.
Chris Meade and Robert Becker, the persons who were listed as the victims of the robbery, were actually the employees of Sam's Club who captured Mr. Stuckey.
At trial, the State called three witnesses. Each of the witnesses attested that they saw or participated in Mr. Stuckey's apprehension outside of Sam's Club. The defense called no witnesses on its own behalf. Mr. Stuckey moved for a judgment of acquittal with respect to robbery because of the purported failure of the State to show that the property taken was under the actual control of the victim. The motion *1210 was denied. At the conclusion of the case Mr. Stuckey requested that the jury be given instructions on the lesser included offenses of petty theft, battery and resisting a merchant. The crime of resisting a merchant, as it is applicable to the present case, is described in section 812.015(6), Florida Statutes (2004), as follows:
(6) An individual who, while committing or after committing theft of property... resists the reasonable effort of a law enforcement officer, merchant, merchant's employee, ... or agent to recover the property ... which the law enforcement officer, merchant, merchant's employee, ... or agent had probable cause to believe the individual had concealed or removed from its place of display or elsewhere ... commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, unless the individual did not know, or did not have reason to know, that the person seeking to recover the property was a law enforcement officer, merchant, merchant's employee, ... or agent. For purposes of this section the charge of theft and the charge of resisting may be tried concurrently.
The State argued that since the information did not allege the victim to be a retail establishment, and did not allege that the items taken were merchandise, the permissive lesser included instruction of resisting a merchant was not available to Mr. Stuckey. Mr. Stuckey responded that he was entitled to an instruction on resisting a merchant despite the fact that the State did not allege either a merchant or merchandise in the information. He argued in particular that the evidence and testimony showed quite certainly that the items stolen  the DVDs  were merchandise, and that they were taken from Sam's Club  a merchant. The trial court gave the instructions for battery and petit theft, but denied the request for an instruction on resisting a merchant.
The jury returned a verdict finding Mr. Stuckey guilty as charged of robbery. After the trial court made findings that Mr. Stuckey was a prison releasee reoffender, and a violent career criminal, it sentenced him to a mandatory minimum term of thirty years incarceration in the custody of the Department of Corrections as a violent career criminal, and fifteen years in prison, day for day, as a prison releasee reoffender. This appeal followed.
When giving jury instructions, a trial court is obligated to instruct on any lesser offense if all the elements of the lesser offense are alleged in the accusatory pleading and supported by the evidence adduced at trial. See State v. Weller, 590 So.2d 923 (Fla.1992); Epps v. State, 728 So.2d 761, 762 (Fla. 2d DCA 1999). Even a permissive instruction must be given if requested when the information alleges all the elements of the included offense and the evidence at trial supports the instruction. See Burton v. State, 844 So.2d 721, 722 (Fla. 2d DCA 2003); Duval v. State, 688 So.2d 1002 (Fla. 2d DCA 1997).
In the present case, however, the State carefully drafted the information so as not to allege that the items taken were merchandise, and that the owner of the items was a merchant. The information alleged that Mr. Stuckey took "money or other property" not from Sam's Club, but from "the person or custody" of two men on the loss prevention team who actually captured him. The State argues that by virtue of its clever pleading, Mr. Stuckey was not entitled to the resisting a merchant instruction. We disagree with this position under the facts of this case.
*1211 The Second District Court of Appeal faced a similar issue in Epps. There, as here, the information did not name the merchant, but instead named an employee as the victim. Mr. Epps argued, as does Mr. Stuckey here, that the trial court erred in denying his request for a jury instruction on the crime of resisting a merchant. The evidence at trial indicated that the defendant was seen by a security guard taking an answering machine from the electronics department of a Wal-Mart. The security guard confronted the defendant outside the store, and a struggle ensued. The information alleged that the defendant did "unlawfully take from the person or custody of [the security guard]... merchandise, with the intent to temporarily or permanently deprive [the security guard] of a right to the property ... by force, violence, assault or putting the said [security guard] in fear." The State argued that because the information did not allege that the property was taken from a "merchant", but rather from a "person," the instruction was not warranted. Thus, according to the State, the elements of the offense of resisting a merchant were not contained in the information, since the information did not allege that the security guard was a merchant.
The Second District disagreed, noting that the statutory definition of "merchant" includes an agent or employee "of any premises or apparatus used for retail purchase or sale of any merchandise." See § 812.015(1)(b), Fla. Stat. (2004). It pointed out that the evidence clearly showed that the security guard was an employee of Wal-Mart. The Epps court noted that the trial court relied on the security guard's status in denying the defendant's motion for judgment of acquittal in which he argued that there was no evidence that the security guard had a right to the property in question. The court concluded that the State may not avoid an instruction on a required permissive lesser included offense simply by omitting the victim's status from the charging document, especially where proof of the victim's status was necessary to prove the charged offense.
Subsequently, the Second District visited with another permutation of this problem in Burton. The court reversed and remanded for a new trial because it concluded that the defendant in that case was also entitled to an instruction on resisting a merchant. Once again, the issue concerned the language of the information, which indicated that the defendant did:
[U]nlawfully, by force, violence, assault or putting in fear, rob, steal, and take away from the person or custody of Donna Lane or the 301 Truck Stop certain property; to wit: lawful U.S. currency, the value of said property being three hundred ($300.00) dollars or more, but less than twenty thousand ($20,000.00) dollars, with the intent to permanently or temporarily deprive Donna Lane or the 301 Truck Stop of said property.
Our sister court once more noted that the definition of a merchant includes an agent or employee of any premises or apparatus used for retail purchase or sale of any merchandise. Although the evidence adduced at trial reflected that the named victim, Ms. Lane, was an employee of the business, the information there did include the name of the merchant. The court concluded that because the information alleged all the elements of resisting a merchant, and because the evidence at trial supported the elements of that crime, the trial court should have given the requested instruction to the jury.
In our case the information does not identify the owner of the store as the *1212 victim, and does not specifically identify the merchandise that was taken. Instead, it identifies two employees of the store as persons having custody of the generically listed "property" that was taken. The evidence quite clearly reflected that the premises was a Sam's Club; that the persons listed in the information were employees of Sam's Club; that the merchandise taken was personal property capable of manual delivery that was for sale in the Sam's Club store. Indeed, the motion for judgment of acquittal to the robbery charge would certainly have been granted if the two gentlemen alleged in the information as victims had not been employees or agents of Sam's Club, and if the property taken was not owned by Sam's Club. It seems to us that using the logic of Epps and Burton, the trial court should have given the jury instruction on resisting a merchant.
A defendant is entitled to an instruction on his theory of defense if there is any evidence to support it and if the theory is recognized as valid under Florida law. See Palmore v. State, 838 So.2d 1222, 1223 (Fla. 1st DCA 2003); McInnis v. State, 642 So.2d 831, 832 (Fla. 2d DCA 1994). Likewise, as noted earlier, a defendant is entitled to an instruction for any lesser included offense if all the elements are alleged in the accusatory pleading and the evidence presented supports it. See Wilcott v. State, 509 So.2d 261 (Fla.1987). See also Weller, 590 So.2d at 926. The charge of resisting a merchant is a permissive lesser included offense of robbery. See Epps; Duval. When the information in the present case is examined with care, it is apparent that what Mr. Stuckey was charged with included taking merchandise from a merchant, coupled with the resistance by Mr. Stuckey of the efforts of the merchant's employees to recover the taken merchandise. The right of a defendant to present his defense should not be subverted by the State's imaginative drafting of the accusatory pleading to winnow out that very defense. If nothing else, that tactic should offend our collective sense of fairness.
Thus, we hold that the State may not avoid an instruction on the required permissive lesser included offense of resisting a merchant simply by omitting the status of the victim, and describing the items stolen generically in the charging documents where the proof of the status of the named victim and a description of the items taken were necessary to prove the offense charged.
Finally, after considering State v. Abreau, 363 So.2d 1063 (Fla.1978), and its progeny, we are unable to say beyond a reasonable doubt that the instruction error was harmless. See Goodwin v. State, 751 So.2d 537 (Fla.1999). While the jury had an opportunity to exercise its pardon power by convicting of petit theft, it was not given the opportunity to exercise that authority with respect to the lesser offense of resisting a merchant. See Johnson v. State, 855 So.2d 1157 (Fla. 4th DCA 2003). See also Wardell v. State, 901 So.2d 289 (Fla. 5th DCA 2005).
We find no merit to the other points raised by Mr. Stuckey in this appeal.
REVERSED, and REMANDED for new trial.
SHARP, W. and PETERSON, JJ., concur.
NOTES
[1] The appellant has been referred to throughout this appeal, as well as the proceedings below, as both Stephan and Stephen.