972 So.2d 918 (2007)
Stephan Kent STUCKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3630.
District Court of Appeal of Florida, Fifth District.
December 7, 2007.
Rehearing Granted in Part, Denied in Part, by Opinion February 1, 2008.
*919 Raymond M. Warren, of Warren & Warren, P.A., Daytona Beach, for Appellant. Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant
Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Stephan Kent Stuckey ["Defendant"] appeals the judgment and sentence he received for the offense of robbery. He raises several issues, only one of which has merit. We agree that the trial court erred in instructing the jury and that reversal is required.
On January 20, 2004, Defendant and Austin Donald McElroy were observed in a Sam's Club store, concealing DVDs in the waistband of their pants. Immediately upon exiting the store, Defendant and McElroy were confronted by Sam's Club employees. Defendant struggled with the employees who apprehended him.
On March 17, 2004, the State charged Defendant with robbery, a second-degree felony.[1] Defendant was initially tried and convicted of the charged offense in 2004, and sentenced to thirty years' imprisonment as a violent career criminal and prison releasee reoffender. On appeal, this Court reversed, concluding that the trial court erred by refusing to instruct the jury on the lesser offense of resisting a merchant. We remanded for a new trial. Stuckey v. State, 907 So.2d 1208 (Fla. 5th DCA 2005).
Defendant was tried again in 2006. Three witnesses were presented. Christopher Meade, a Sam's Club loss prevention officer, testified that he was walking through the store when he observed Defendant and McElroy with a number of DVDs in their cart. Meade followed Defendant and McElroy to an area of the store that was without surveillance cameras. He observed Defendant and McElroy take the DVDs from the cart and stuff them into their pants. Meade radioed the store manager, Mike Clinard. Meade asked Clinard to gather another store employee and meet him outside.
Meade then watched Defendant and McElroy as they proceeded past the registers, past the inner exit doors, and ultimately past the outer exit doors. While Clinard and another store employee, Bobby Becker, went after McElroy, Meade confronted Defendant. Meade identified himself and placed his hand on Defendant's abdomen to let him know that he knew there was merchandise there. At that point, Defendant swung his arm back as if to hit him, and fled. With the assistance of Becker, Meade took Defendant to the ground and handcuffed him. During the struggle several DVD's fell to the ground.
Becker was the second witness called. He testified that he observed Defendant and. McElroy head for the store's exit, pass the cash registers, and go through both an inner and outer set of exit doors. He saw Meade confront Defendant, and consistent with Meade's testimony, he confirmed that a struggle ensued between Meade and Defendant. Becker grabbed Defendant's kicking legs in an effort to help secure him. He also noticed DVDs on the ground during the course of the events.
Finally, Clinard testified that he first saw Defendant and McElroy when they *920 were coming out of the store. He also confirmed that Defendant had struggled with Meade, and that Becker had intervened to help Meade restrain Defendant. He saw Defendant flailing his arms, kicking, and trying to escape. He also saw DVDs fall out of Defendant's clothing.
During closing arguments, Defendant asserted that "robbery requires the intent to take by force" and suggested that Defendant lacked that intent at the time he resisted. Rather, Defendant asserted that the theft was complete and his intent in resisting the merchant was to escape, not to maintain possession of the stolen merchandise. Accordingly, he argued that he committed two separate crimes that day: resisting a merchant and petit theft, but not robbery.
The trial court instructed the jury, over objection, that it could convict Defendant of robbery or one of the lesser offenses of resisting a merchant, battery, or petit theft. During deliberations, the trial court received a note from the jury asking whether they could pick more than one of the lesser offenses. The trial court answered "no" over Defendant's objection. Defendant argued:
The position that the Defense is taking is yes. The reason, for that is these are mutually exclusive charges and hypothetically each of the elements are satisfied and there is no one charge that is greater than the other on that, and there is nothing in the instruction that says they can't.
The jury subsequently rendered a verdict finding Defendant "guilty of Robbery as charged in the information. F.S. 812.13(1), (2)(c)." Defendant filed a motion for a new trial based on the trial court's instruction to the jury that it Could find Defendant guilty of only one of the lesser offenses listed on the verdict form. The trial court heard arguments on this motion, and the trial court denied the motion for a new trial. Defendant was again sentenced to thirty years' imprisonment.
On appeal, Defendant argues that he was entitled to have the jury instructed that it was allowed to mark more than one choice among the lesser included offenses listed on the verdict form, consistent with his theory of defense that he had committed the crimes of petit theft and resisting a merchant, but not robbery. He argues that he "is entitled to have the jury consider the option of convicting him of both lesser included offenses," sufficient record evidence existed to support those charges, "and the Information filed by the State allege[d] facts sufficient to include the lesser offenses. . . ." Finally, Defendant argues that by denying his request that the jury be permitted to consider the two lesser included offenses of petit theft and resisting a merchant, the trial judge denied his right to have a jury exercise its pardon power.
The State's essential position is that "[a]s a general rule, permitting a jury to find a defendant guilty of two lesser offenses does not comport with Florida law." Further, it argues that case law allowing a jury to convict of both of the component offenses making up a charged "compound offense" is distinguishable because "the crime of robbery is not a legislative creation compounding two offenses into one."
The general rule is that, when a defendant is charged with an offense and tried for it, the jury may convict him of "any offense that as a matter of law is a necessarily included offense or is a lesser included offense" and "is supported by the evidence." Fla. R.Crim. P. Rule 3.510 (2006); see Stuckey, 907 So.2d at 1212 ("[A] defendant is entitled to an instruction for any lesser included offense if all the elements are alleged in the accusatory pleading and the evidence presented supports it."), review denied, 925 So.2d 1031 (Fla.2006). It *921 is a matter of common understanding that the charge of a single offense will give rise to the possibility of a conviction of a lesser offense whose elements are included in the greater, charged offense. When referencing lesser included offenses, the jury instructions[2] and rules of criminal procedure[3] speak in the singular.
It appears that the basis for the general rule that a defendant cannot be convicted of two lesser included offenses under a single charge lies in considerations of double jeopardy. See Bledsoe v. State, 764 So.2d 927, 928-29 (Fla. 2d DCA 2000); Rhames v. State, 473 So.2d 724, 727 (Fla. 1st DCA 1985). In Bell v. State, 437 So.2d 1057, 1061 (Fla.1983), the Florida Supreme Court said that a jury can convict a defendant of one or more of the lesser included offenses; it is only prohibited from convicting of the greater offense and a lesser offense. That concern is not present in this case, however.
With respect to robbery,[4] petit theft is a necessarily lesser included offense and resisting a merchant[5] is a permissive lesser offense. See J.C.B. v. State, 512 So.2d 1073, 1074 (Fla. 1st DCA 1987); Stuckey, 907 So.2d at 1212. An element of the resisting a merchant offense is that the proscribed resistance to reasonable efforts of the merchant to recover the merchandise occurs "while" or "after" the defendant commits a theft of the merchant's property. See § 812.015(6), Fla. Stat. (2004); see also Lane v. State, 867 So.2d 539, 541 (Fla. 1st DCA 2004). Both the statute governing the resisting a merchant offense and the case law make clear that a defendant can be prosecuted and convicted of both resisting a merchant and the associated petit theft offense without offending double jeopardy. See § 812.015(6), Fla. Stat. (2004); Stuckey.
A compound offense exists when "two lesser offenses are merged factually and in legal contemplation into the one greater offense." Foster v. State, 596 So.2d 1099, 1104 n. 6 (Fla. 5th DCA 1992) (Cowart, J., dissenting). The body of case *922 law relating to compound offenses provides that when a defendant is tried for a compound offense, he is entitled to have the jury consider convicting him of both of the "separate component offenses" that make up the compound offense. Gian-Grasso v. State, 899 So.2d 392, 393 (Fla. 4th DCA 2005). In Gian-Grasso for example, the Fourth District noted that burglary with battery is a legislative combination of trespass and battery. Id. The court explained:
Where a defendant is charged with burglary, a jury could find that the defendant had no criminal intent upon entering but subsequently formed the intent to commit an offense, such as, in this case, battery. In this situation, the defendant has committed a trespass and a battery but not a burglary. A defendant is entitled to have the jury determine when the intent was formed and consider the alternative of convicting of both component offenses, rather than burglary or just one of the component offenses.
Id; see also Bledsoe, 764 So.2d at 929 (In a prosecution for burglary with battery, defendant may be convicted of both lesser offense of trespass and lesser offense of battery if information supports finding of both offenses and jury determined both occurred.); Gregory v. State, 937 So.2d 180, 183 (Fla. 4th DCA 2006) (In a prosecution for burglary with battery, "[t]he defendant was entitled to an instruction and verdict form that would have permitted the jury to return a verdict of trespass coupled with a battery"). The case law cited by Defendant relating to compound offenses is not exactly the same here because robbery is not a compound offense of resisting a merchant and theft.
Robbery is, however, in a sense, the "mother" of compound offenses. In his excellent opinion tracing the history and evolution of the robbery offense, Judge Cowart explained that:
In the development of the early English common law, there came into existence two mixed or compound larcenies which had all of the properties of simple larceny but were accompanied by one, or both, of the aggravations of the felonious taking of personal property from one's house or from one's person. Each of these two compound or double offenses was in effect the combining of two offensesone against property and the other against a dwelling or a personinto one greater offense with more punishment provided for the one greater than that provided for the conviction of both of the lesser included offenses.
Foster, 596 So.2d at 1104 (Cowart, J., dissenting) (footnote omitted). Later in his opinion, he describes robbery as a "double-yoked egg" and reiterates that:
The analytical problem is compounded and confused by the fact that, peculiarly, the robbery offense, like a double yoked egg, has two core offenses, theft and violence against the person, making a comparison with other offenses involving theft or violence doubly difficult.
Id. at 1109.
Prior to 1987, the issue presented in this case would not have arisen in Florida because robbery only included a taking in which the violence or putting in fear was used to effect the taking. See Royal v. State, 490 So.2d 44 (Fla.1986). The use of force or fear had to precede or accompany the taking. Force used after getting control of the stolen property, in an effort to elude capture, is not within the common law definition of robbery or the definition of robbery contained in Florida statutes at that time.
Immediately after the Royal decision explained this limitation on the robbery statute then in place, the legislature amended the statute to expressly provide that force used subsequent to the taking *923 can convert a theft into a robbery so long as the force and the act of taking are both part of a continuous series of acts or events. See § 812.13(3)(b), Fla. Stat. (1987); see also Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989). This statutory embellishment on the common law crime of robbery gives rise to the possibility that force employed after a theft may either give rise to a "robbery" or "resisting a merchant," depending on the factual determination whether the two acts were a part of a continuous series of acts or events. Similar to the analysis contained in the cases above discussing compound crimes, in a case such as this, the defendant should be able to present his theory of defense to the jury and receive an instruction if the evidence supports it.
It appears undisputed on appeal that the evidence presented at trial would support Defendant's conviction for each of these offenses. Accordingly, the trial court erred in instructing the jury that it could only convict Defendant of one of these offenses. We accordingly reverse the judgment and remand for another trial.
REVERSED and REMANDED.
ORFINGER and. EVANDER, JJ., concur.

ON MOTION FOR REHEARING, CLARIFICATION OR REQUEST TO CERTIFY QUESTION
PER CURIAM.
The State asserts in its Motion for Rehearing that the decision previously issued in this case has opened a "Pandora's Box" of tools for confusing juries and will have a significant impact on the instruction of juries in criminal cases. Accordingly, we grant the. State's motion for rehearing to the extent that we certify the issue presented to the Florida Supreme Court as a matter of great public importance and pose the following question:
Is a defendant charged with robbery entitled to have the jury instructed on more than one of the lesser included offenses where his theory of defense is that he committed both lesser offenses but not the greater charged offense?
In all other respects, the State's motion is denied.
GRIFFIN, ORFINGER and EVANDER, JJ., concur.
NOTES
[1] Specifically, the State charged:

[O]n or about January 20, 2004, [Defendant], did take money or other property, from the person or custody of another, Chris Meade or Robert Becker, with the intent to permanently or temporarily deprive said person of said property, and in the course of the taking did use force, violence, assault, or putting in fear, and further, [Defendant] had previously been convicted two or more times of theft. . . .
[2] Fla. Std. Jury Instr. (Crim.) 3.12.
[3] See Fla. R.Crim. P. 3.510, 3.620.
[4] In relevant part, the statutory provision governing robbery provides:

(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2). . . .
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3). . . .
(b) An act shall be deemed "in the course of the taking" if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events.
§ 812.13, Fla. Stat. (2004).
[5] In relevant part, the resisting a merchant statute provides:

(6) An individual who, while committing or after committing theft of property . . . resists the reasonable effort of . . . merchant, merchant's employee to recover the property. . . . which the . . . merchant, merchant's employee . . . had probable cause to believe the individual had concealed or removed from its place of display or elsewhere . . . commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, unless the individual did not know, or did not have reason to know, that the person seeking to recover the property was a . . . merchant, merchant's employee. . . . For purposes of this section the charge of theft and the charge of resisting may be tried concurrently.
§ 812.015(6), Fla. Stat. (2004).