IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SCOTTY B. THOMAS,

      Appellant,

 v.                                    Case No.  5D17-3796

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 27, 2018

3.850 Appeal from the Circuit
Court for Orange County,
Leticia J. Marques, Judge.

Scotty  B. Thomas, Okeechobee, pro se.

No Appearance for Appellee.


EDWARDS, J.

Scotty  B. Thomas appeals the summary denial of his rule 3.850 motion for postconviction relief in which he alleged that his trial counsel was ineffective because he failed to object to the verdict form used or failed to request a proper verdict form.  Although Appellant's motion lacked clarity, he made the point that the jury was instructed that it could find him guilty or not guilty of the compound crime of (1) burglary with a battery, or the individual crimes of (2) burglary, (3) battery, or (4) trespass.  The verdict form gave the jury the option to decide his guilt regarding the individual crimes and the compound

crime of burglary with a battery. However, the verdict form did not provide the option of finding Appellant guilty of both trespass and battery.

Appellant claims that if the jury had been given the option of finding him guilty of both trespass and battery it would have done so, rather than convicting him of burglary with a battery. Appellant further argues that he would have received a shorter sentence under this alternative scenario.

Appellant's argument, that given the evidence and jury instructions, the verdict form should have provided the jury the option to find him guilty of trespass and battery as an additional alternative finding, may have merit. *See Stuckey v. State*, 972 So. 2d 918 (Fla. 5th DCA 2007). However, in denying Appellant's motion, the postconviction court did not address this issue and we cannot determine from the record provided to us whether Appellant's argument has merit. Therefore, we reverse and remand for the postconviction court to consider and address this issue, and either to attach records conclusively refuting Appellant's argument or to conduct an evidentiary hearing.

REVERSED AND REMANDED WITH INSTRUCTIONS.

ORFINGER and WALLIS, JJ., concur.