DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH ESTON HARGRETT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2846

[September 5, 2018]

Appeal of an order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 10-13055CF10A.

Joseph Eston Hargrett, Moore Haven, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Joseph Eston Hargrett appeals an order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion alleged that he received ineffective assistance of counsel. We affirm in part, reverse in part, and remand for further review of appellant's claim that counsel was ineffective by failing to request a jury instruction and verdict form that permitted the jury to render a dual verdict of theft and resisting a merchant. *See Stuckey v. State*, 972 So. 2d 918, 923 (Fla. 5th DCA 2007).

A plain-clothed loss prevention officer (LPO) in a home improvement store observed Hargrett remove theft sensors from store item packaging, place the items in his pockets, and then exit the store after passing all points of sale without purchasing them. The LPO testified that upon confronting Hargrett in an area where LPOs may apprehend potential shoplifters, Hargrett became violent, struck him, and caused injuries. When the police arrived, they found the stolen items in Hargrett's pockets.

Hargrett was charged with robbery under section 812.13(1), Florida Statutes (2010). At trial, the State presented evidence from surveillance tapes depicting the incident. Hargrett's counsel raised inconsistencies between victim testimony and surveillance tape evidence regarding the use of force and violence to accomplish the taking, and therefore called into question the time of the "taking" as required under the statute. *See* § 812.13(3)(b). From this, his counsel argued that "robbery" was an overcharge, though he acknowledged the occurrence of theft and "[r]esisting, maybe."

The court instructed the jury on robbery, resisting a merchant, and theft. The verdict form indicated that the jury should select one of the three offenses. Ultimately, it found Hargrett guilty of robbery.[1] In this postconviction appeal, he alleges that he told trial counsel to request the jury instruction that permits it to find a defendant guilty of resisting a merchant *and* theft, and that counsel was ineffective when he failed to do so.

In *Stuckey*, the Fifth District explored the history of robbery's "taking" element. 972 So. 2d at 922-23. It held that a defendant was entitled to have the trial court instruct the jury that it could convict him of both petit theft and resisting a merchant, as lesser offenses of robbery. *Id.* at 923. The comments to the standard jury instructions were amended to reflect *Stuckey's* holding: "For the crime of robbery, a jury can convict of two lesser-included offenses such as 1) theft and assault or 2) theft and resisting a merchant in appropriate cases." *In re Std. Jury Instr. (Crim)— Report No.* 2012-09, 122 So. 3d 263, 287 (Fla. 2013). *But see Gordon v. State*, 219 So. 3d 189, 194 (Fla. 3d DCA 2017) (refusing to make a *per se* rule that a robbery defendant is automatically entitled to a compound offense instruction and distinguishing *Stuckey*); *Spencer v. State*, 71 So. 3d 901, 903 (Fla. 1st DCA 2011) (reversing robbery conviction where trial court rejected the jury's first verdict form that found the defendant guilty of petit theft and assault because such rejection was contrary to the jury pardon doctrine).

While *Stuckey* was a direct appeal, trial courts have considered the issue regarding "dual lesser-included offenses" on collateral review when a defendant alleges that counsel failed to request the instruction. *See Thomas v. State*, 241 So. 3d 278, 278 (Fla. 5th DCA 2018) (reversing summary denial of a rule 3.850 motion where the verdict form offered the

---

[1] This Court affirmed his judgment and sentence. *See Hargrett v. State*, 138 So. 3d 1040 (Fla. 4th DCA 2014) (table decision). The direct appeal did not challenge the jury instructions.

individual crimes and the compound crime of burglary with a battery, but did not provide the option to find defendant guilty of both trespass and battery); *Gian- Grosso v. State,* 899 So. 2d 392, 393 (Fla. 4th DCA 2005) (reversing and remanding for further review in a collateral case concerning burglary with an assault or battery and its lesser included offenses of trespass and battery).

Here, the trial court rejected Hargrett's claim, and concluded that any deficiency by counsel resulted only in his loss of the opportunity for a jury pardon, which does not satisfy *Strickland's*[2] prejudice component. *See Sanders v. State,* 946 So. 2d 953, 959 (Fla. 2006).[3] While the First District Court of Appeal also views such a claim as tied to a jury's pardon power, *see Spencer,* 71 So. 3d at 903, we disagree and certify conflict with that case. The granting of this instruction is grounded in the defendant's right to have the jury consider lesser-included offenses supported by the evidence, not a jury pardon. *See Thomas,* 241 So. 3d at 278; *Gordon,* 219 So. 3d at 197 n.8; *Stuckey,* 972 So. 2d at 923.[4]

The jurors in both the *Stuckey* and *Gian-Grasso* cases asked the trial judge about selecting two of the lesser-included offenses but were instructed to select one. In the instant case, the jury asked about the "initial contact" and whether it mattered "who made the first hit/contact?" This reflects the jury's concern with the timing of the force relative to the "taking." *See Stuckey,* 972 So. 2d at 922-23.

Since the evidence presented at Hargrett's trial was sufficient to support his conviction for each of the lesser-included offenses, we reverse the trial court's summary denial of the claim, and remand for it to either attach records conclusively refuting Hargrett's claim, or in the alternative, to hold an evidentiary hearing during which the trial court may consider any issues regarding waiver or strategy. *See Gian-Grasso,* 899 So. 2d at

---

[2] *Strickland v. Washington,* 466 U.S. 668, 694 (1984).

[3] We note that our decision in *Gian-Grasso* predated *Sanders* and its analysis of *Strickland's* prejudice with respect to a "jury pardon."

[4] Though the Florida Supreme Court is considering the viability of the jury pardon doctrine, this Court has declined to hold that it was abrogated. *See Caruthers v. State,* 232 So. 3d 441 (Fla. 4th DCA 2017), *review denied* SC 18-51, 2018 WL 987286 (Fla. Feb. 20, 2018); *see, e.g., Roberts v. State,* 242 So. 3d 296, 300 (Fla. 2018) (Polston, J., dissenting); *Dean v. State,* 230 So. 3d 420, 425-26 (Fla. 2017) (Polston, J., concurring). In contrast, the First District has held that the Florida Supreme Court abrogated the doctrine in *Dean. See Knight v. State,* No. 14-2382, 2018 WL 944663, at *3-*4 (Fla. 1st DCA Feb. 19, 2018), *review granted,* SC 18-309, 2018 WL 3097727, at *1 (Fla. June 25, 2018).

393. We affirm the summary denial of Hargrett's remaining rule 3.850 grounds without further discussion.

*Affirmed in part, reversed in part, and remanded.*

TAYLOR and CONNER, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***