DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ERNESHA LASHAE ATMORE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0584
_____

August 13, 2025

Appeal from the Circuit Court for Hillsborough County; Robin F. Fuson, Judge.

Jorge Leon Chalela of Jorge Leon Chalela, P.A., Tampa, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Cynthia Richards, Assistant Attorney General, Tampa, for Appellee.

LABRIT, Judge.

Ernesha Atmore appeals her judgment and sentence for robbery with a weapon. She contends that the trial court erred in denying her request to instruct the jury on the lesser included offense of resisting a merchant under section 812.015(6), Florida Statutes (2024). For the reasons explained below, we affirm, concluding that any error in failing to instruct on resisting a merchant was harmless.

## I.

Ms. Atmore was charged by information with robbery with a weapon, arising from an incident at a Sunglass Hut. At trial, evidence established that Ms. Atmore filled her tote bag with sunglasses. When confronted by the store's general manager who told her to "stop doing that," Ms. Atmore brandished what appeared to be a stun gun taser before continuing to take merchandise and fleeing from the store. The assistant manager testified that she feared for her safety during the incident.

At the charge conference, defense counsel requested an instruction on the lesser included offense of resisting a merchant. The trial court declined to give this instruction, reasoning there was no evidence that the employees attempted to detain Ms. Atmore. However, detainment is not an element of resisting a merchant. The jury was instructed on the lesser included offenses of simple robbery, theft (with gradations based on value), and assault. No objection was made to the instructions as given. Ultimately, the jury found Ms. Atmore guilty of robbery and made a special finding that she personally carried, displayed, used, threatened, or attempted to use a weapon during the offense.

## II.

We agree with Ms. Atmore that she was entitled to an instruction on the lesser included offense of resisting a merchant. The evidence, viewed in the light most favorable to the defense, was sufficient to support giving the instruction: the general manager's command to "stop doing that," coupled with Ms. Atmore's response, could be found to constitute a "reasonable effort" by a merchant to recover property as contemplated by section 812.015(6). *See, e.g., Burton v. State*, 844 So. 2d 721, 722 (Fla. 2d DCA 2003). The trial court erred in concluding that

2

physical detention was required and in denying the requested instruction on that basis.

However, not every instructional error mandates reversal. As explained below, the error here was harmless under controlling Florida law.[1]

Under *State v. Abreau*, 363 So. 2d 1063, 1064 (Fla. 1978), the failure to instruct on a lesser included offense is per se reversible error only when the omitted offense is the "next immediate" lesser. Where, as

_____

[1] We recognize that the State did not raise the issue of harmless error in its briefing. However, appellate courts are independently obligated to review for harmless error, regardless of whether the State argues it. *See* § 59.041, Fla. Stat. (2024) ("No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."); *see also Knowles v. State*, 848 So. 2d 1055, 1057 (Fla. 2003) (holding that courts must determine harmless error "regardless of any lack of argument on the issue by the state" (quoting *Goodwin v. State*, 761 So. 2d 537, 545 (Fla. 1999))); *Goodwin*, 751 So. 2d at 545 ("The solemn obligation of the Court to perform an independent harmless error review and establish the analysis to be applied in performing that review is so critical to the appellate function that this Court has satisfied its obligation to review for harmless error, even when the State has not argued that the complained of error was harmless.").

Historically, as noted in *Heuss v. State*, 687 So. 2d 823, 824 (Fla. 1996), the decision to engage in harmless error review sua sponte was permissive—appellate courts were allowed, but not required, to conduct the analysis if the State did not raise it. However, in *Goodwin* and subsequently in *Knowles*, the Florida Supreme Court clarified that appellate courts are duty bound to independently determine whether an error is harmless. *See Goodwin*, 751 So. 2d at 545; *Knowles*, 848 So. 2d at 1057. Thus, we are required to apply a harmless error analysis even where, as here, the State has not raised the issue.

here, the omitted offense is two or more steps removed from the charged offense, *see* Fla. Std. Jury Instr. (Crim.) 15.1, the error is subject to harmless error review, *see Stewart v. State*, 790 So. 2d 440, 441 (Fla. 1st DCA 2000) (Benton, J., concurring).

As the Florida Supreme Court explained in *Abreau*, 363 So. 2d at 1064:

> [I]f a defendant is charged with offense "A" of which "B" is the next immediate lesser-included offense (one step removed) and "C" is the next below "B" (two steps removed), then when the jury is instructed on "B" yet still convicts the accused of "A" it is logical to assume that the panel would not have found him guilty only of "C" (that is, would have passed over "B"), so that the failure to instruct on "C" is harmless.

Plugging the facts of this case into the *Abreau* template demonstrates that the failure to instruct on resisting a merchant could not have affected the verdict.[2]  Here, the jury considered simple robbery, theft, and assault as potential verdicts and explicitly rejected them, opting instead to find Ms. Atmore guilty as charged of the higher offense. This sequence leaves no reasonable possibility that the jury, if instructed

---

[2] This is true both as a matter of legal principle and as a literal application of the *Abreau* framework:

> [Ms. Atmore was] charged with [robbery with a weapon] of which [robbery/theft/assault] [are] the next immediate lesser-included offense[s] (one step removed) and [resisting a merchant] is the next below [robbery/theft/assault] (two steps removed) . . . .  [T]he jury [was] instructed on [robbery/petit theft/assault] yet still convict[ed] [Ms. Atmore] of [robbery with a weapon] . . . .  [Thus] it is logical to assume that the panel would not have found [her] guilty only of [resisting a merchant] (that is, would have passed over [robbery/theft/assault]), *so that the failure to instruct on [resisting a merchant] is harmless.*

*See Abreau*, 363 So. 2d at 1064 (emphasis added).

4

on resisting a merchant, would have convicted Ms. Atmore of that still-lower offense. The jury was presented with, and specifically rejected, all immediate lesser included offenses before returning a guilty verdict on the greater charge. For the jury to have convicted on resisting a merchant, it would have had to bypass these immediate lessers, an outcome both logic and precedent reject when the jury had every opportunity to exercise its pardon power and did not do so.

This court and our sister courts have repeatedly recognized that when the jury is instructed on and rejects the next immediate lesser included offense, any failure to instruct on an offense two or more steps removed may be harmless. *See, e.g., Bates v. State*, 579 So. 2d 849, 849 (Fla. 2d DCA 1991) (holding that failure to instruct on aggravated assault as a lesser included offense of robbery with a firearm was harmless where the jury was instructed on and rejected simple robbery); *Flint v. State*, 463 So. 2d 554, 556-57 (Fla. 2d DCA 1985) (holding that failure to instruct on aggravated assault and assault as lesser included offenses was harmless where the jury was instructed on and rejected simple robbery, the next immediate lesser); *Clark v. State*, 43 So. 3d 814, 818 (Fla. 1st DCA 2010) (recognizing that the failure to instruct on an offense two steps removed is harmless where the jury was given and declined to convict on the next immediate lesser included offense); *Freeman v. State*, 969 So. 2d 473, 481 (Fla. 5th DCA 2007) (concluding that failure to instruct on an offense more than one step removed from the charged crime was harmless because the jury was instructed on and rejected the next immediate lesser); *Johnson v. State*, 855 So. 2d 1157, 1159 (Fla. 4th DCA 2003) (agreeing error was harmless where the jury was instructed on the next immediate lesser included offense and convicted on the greater offense); *see also Stewart*, 790 So. 2d at 441 (Benton, J.,

5

concurring) (concurring in affirmance of judgment and sentence for armed robbery despite erroneous refusal to instruct on resisting a merchant because the jury was instructed on and rejected robbery and theft, which were more immediate lessers).[3]

Given the jury's clear rejection of every immediate lesser included offense and its verdict convicting Ms. Atmore as charged, it is simply not possible that the failure to instruct on resisting a merchant affected the outcome in this case. Thus, any error in omitting that instruction was harmless beyond a reasonable doubt.

## III.

The jury was instructed on all immediate lesser included offenses and nonetheless found Ms. Atmore guilty as charged. On the facts of this case, the omission of the permissive lesser included resisting a merchant instruction was harmless. Therefore, the judgment and sentence are affirmed.

Affirmed.

BLACK, J., Concurs.
SMITH, J., Dissents with opinion.

SMITH, Judge, Dissenting.

I agree with the majority that the trial court erred in failing to instruct the jury on the permissive lesser included offense of resisting a merchant. However, based upon the facts and circumstances in this

---

[3] The dissent contends that our decision today disregards this court's precedent holding that failure to instruct on resisting a merchant constitutes reversible error. But except for *Burton*, 844 So. 2d 721, the cases cited by the dissent predate *Knowles*, 848 So. 2d 1055, and none address harmless error. This court's failure to mention harmless error in those cases cannot support an inference that the issue was considered and rejected.

case I cannot reach the conclusion that the error was harmless because the jury did not reject the next immediate lesser included offenses of theft, assault, and robbery. Accordingly, I dissent.

The majority correctly notes that under *State v. Abreau*, 363 So. 2d 1063, 1064 (Fla. 1978), the denial of a requested instruction on a permissive lesser included offense is subject to harmless error review. However, the majority seems to suggest that any error in failing to instruct the jury on a lesser included offense two or more steps removed from the charged offense is harmless. I disagree.

The supreme court in *Abreau* stated that "reviewing courts <u>may</u> properly find such error to be harmless." *Id.* (emphasis added). That is to say, the reviewing court is permitted to find such an error harmless after engaging in the requisite analysis. *See, e.g., Pena v. State*, 901 So. 2d 781, 787 (Fla. 2005) ("However, when the trial court fails to properly instruct on a crime two <u>or more degrees</u> removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis." (emphasis added)); *Daniel v. State*, 137 So. 3d 1181, 1185 (Fla. 3d DCA 2014) ("Because the trial court instructed the jury on at least one lesser-included offense that the jury rejected, and trespass is even further removed than the lesser-included offenses for which the trial court gave instructions and the jury rejected, the failure to instruct the jury on trespass is subject to a harmless error analysis."); *McKiver v. State*, 55 So. 3d 646, 650 (Fla. 1st DCA 2011) (stating that the failure to instruct on the lesser included offense of trespass, two steps removed from the charged offense of burglary of a dwelling, was "not per se reversible under *Abreau* and its progeny" but that "the error is subject to the harmless error analysis").

Our court has indeed held the failure to instruct the jury on a lesser included offense two or more steps removed from the charged offense can be harmful where the given instructions "did not give the jury an honest option to 'pardon' the defendant." *Fernandez v. State*, 570 So. 2d 1008, 1009-11 (Fla. 2d DCA 1990) (holding, where the defendant was charged with "aggravated assault 'with a deadly weapon, to wit: a firearm' " and carrying a concealed firearm, and where the jury found him guilty of aggravated assault with a firearm but not guilty of carrying a concealed firearm, the trial court's failure to give a requested instruction on the lesser included offense of "discharge of a firearm in public" was harmful despite that instruction being two steps removed from the charged offense, as "the lesser-included offense of aggravated assault with a deadly weapon other than a firearm did not give the jury an honest option to 'pardon' the defendant").

The requisite harmless error analysis weighs heavily against the party that stands to benefit from a finding of harmlessness: "If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful." *Ventura v. State,* 29 So. 3d 1086, 1090 (Fla. 2010) (quoting *State v. DiGuilio,* 491 So. 2d 1136, 1139 (Fla. 1986)).

The crux of the majority's opinion rests on whether the jury rejected the next immediate lesser included offense, citing *Bates v. State*, 579 So. 2d 849 (Fla. 2d DCA 1991), and *Flint v. State*, 463 So. 2d 554 (Fla. 2d DCA 1985), from our court, as well as a plethora of cases from other courts. Here, the jury was given an instruction on robbery and on theft and assault as lesser included offenses of robbery. The instruction on theft provided that the State was required to prove that Ms. Atmore knowingly and unlawfully obtained or used, or endeavored to obtain or to

use, the sunglasses of the general manager and that she did so with the intent of either temporarily or permanently depriving the general manager of her right to the property or any benefit from it. The instruction on robbery provided that the State was required to prove four elements: (1) Ms. Atmore took the sunglasses from the general manager; (2) force, violence, assault, or putting in fear was used in the course of the taking; (3) the property taken was of some value; and (4) the taking was with the intent to permanently or temporarily deprive the general manager of her right to the property or any benefit from it. The jury was also instructed that if it found Ms. Atmore guilty of robbery, it must determine whether she personally carried, displayed, used, or threatened or attempted to use a weapon, which the jury found.

Theft generally involves the taking or appropriation of property with the intent to deprive the owner of its use. *See* § 812.014(1)(a), (b), Fla. Stat. (2024). In finding Ms. Atmore guilty of robbery, the jury found that Ms. Atmore took property of some value from an employee of the Sunglass Hut with the intent to permanently deprive the employee of her right to the property and that "force, violence, assault, or putting in fear" was used in the course of the taking. *See* § 812.13(1), Fla. Stat. (2024). And therefore, it follows that the jury <u>did not reject</u>—as argued by the majority—that Ms. Atmore committed theft but rather found that Ms. Atmore committed a theft <u>and</u> that her display of the stun gun taser constituted the use of force in the course of the taking so as to render the act a robbery. Because the jury did not reject theft, the majority has not satisfied the rejection test of the next immediate lesser included offense.

The requested standard jury instruction for resisting a merchant would have required the jury to find that Ms. Atmore, in the course of or after committing theft, resisted the merchant's effort to recover the

9

property. *See* Fla. Std. Jury Instr. (Crim.) 15.5. The resistance by Ms. Atmore was her use of the stun gun taser. The comments to Florida Standard Jury Instruction 15.5, for "Resisting Recovery of Stolen Property," support that theft is a lesser included offense of robbery <u>and</u> resisting a merchant: "If, however, the jurors are being instructed on Resisting a Merchant as a lesser-included offense of Robbery, then Theft should be given as a lesser-included offense." This demonstrates that the template in *Abreau* based on hypothetical offenses "A," "B," and "C" is instructive but still fact dependent. The supreme court in *Abreau* stated that it is "logical to assume" that where a defendant is charged with "A" and the jury is instructed on the immediate lesser included "B," the jury would not have found him guilty "only of 'C,' " a permissive lesser included offense. 363 So. 2d at 1064. But in this case, if instructed properly, the jury could have found that Ms. Atmore's theft and force constituted resisting a merchant instead of robbery. This is not analogous to the situation described in *Abreau,* where the permissive lesser included offense is subsumed by the necessary lesser offense so that no jury would ever find a defendant guilty "only of" the permissive lesser when instructed on the necessary lesser. *See id.*

This case is a key example of the importance of reviewing courts conducting the harmless error analysis even where the erroneously denied permissive lesser included instruction is two or more steps removed from the charged offense, because in cases such as this one, it is possible that the jury could have found that the specific facts of this case constituted a violation of the permissive lesser rather than the charged offense. Thus in the absence of the resisting a merchant instruction the jury was left with only one choice—robbery—because it

10

included <u>both</u> theft and a weapon component that neither the theft nor assault instruction provided to the jury carried.

The implication in the majority opinion that district courts did not evaluate harmless error as a matter of course until after *Knowles v. State*, 848 So. 2d 1055, 1057 (Fla. 2003), is not necessarily accurate. The supreme court in *Knowles* recognized the longstanding "obligation of the appellate courts to independently review both constitutional and nonconstitutional errors for harmlessness." *Id.* This duty was not something newly created by the *Knowles* court. *See, e.g., Goodwin v. State*, 751 So. 2d 537, 545-46 (Fla. 1999) ("Review of the record to ascertain whether the error is harmless is an essential and critical appellate function."). Additionally, section 924.33, Florida Statutes (2024), enacted in 1939, *see* ch. 19554, § 309, at 1395, Laws of Fla. (1939), bars appellate courts from reversing a judgment without determining an error was harmful. *Knowles* reaffirmed that the analysis described in *DiGuilio* remained the proper test for harmless error: "If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful." 848 So. 2d at 1059 (citing *DiGuilio*, 491 So. 2d at 1139).

If we assume *Knowles* was the turning point for harmless error, then even after *Knowles*, this court, on similar facts, reversed and remanded for a new trial where the trial court failed to give the permissive lesser included instruction on resisting a merchant instruction. *See Burton v. State*, 844 So. 2d 721, 722 (Fla. 2d DCA 2003) ("Because the information against Burton alleged all the elements of resisting a merchant, and because the evidence at trial supported the elements of that crime, the trial court should have given the requested instruction on this permissive, lesser-included offense [of robbery]."); *see*

11

*also Stuckey v. State*, 972 So. 2d 918, 923 (Fla. 5th DCA 2007) (stating that, because the robbery statute provides that the use of force required for a robbery conviction can be deemed "in the course of taking" even if it occurs after the property is taken, the "force employed after a theft may either give rise to a 'robbery' or 'resisting a merchant,' depending on the factual determination [of] whether the two acts were a part of a continuous series of acts or events").[4]  I recognize that neither of these cases specifically discuss whether they examined harmless error. However, my research did not uncover any cases requiring a reviewing

---

[4] During the years after *Heuss v. State*, 687 So. 2d 823, 824 (Fla. 1996), but before *Knowles*, when reviewing courts were arguably not required to raise harmless error sua sponte, our court and others found reversible error in the denial of a requested resisting a merchant instruction as a lesser included offense of robbery.  *See Epps v. State*, 728 So. 2d 761, 762 (Fla. 2d DCA 1999) (holding that the trial court committed reversible error in denying the resisting a merchant instruction after defendant was convicted of robbery); *Duval v. State*, 688 So. 2d 1002, 1003 (Fla. 2d DCA 1997) (holding, where the defendant requested a resisting a merchant instruction as a lesser included offense of robbery, that because "the allegations in the information and the facts adduced at trial supported this lesser charge, it was error for the trial court to deny the defendant's request"); *Maldanado v. State*, 691 So. 2d 61, 61 (Fla. 3d DCA 1997) ("We reverse defendant's robbery conviction, and remand for a new trial because the jury should have been instructed on the lesser-included offense of resisting a merchant."); *Lamb v. State*, 679 So. 2d 59, 60 (Fla. 4th DCA 1996) ("We reverse Appellant's robbery conviction and remand for a new trial on grounds that the jury should have been instructed on the lesser-included offense of resisting a merchant."); *see also Sanders v. State*, 654 So. 2d 1279, 1279 (Fla. 2d DCA 1995) (ruling, in a decision released before *Heuss* and *Knowles*, that "[s]ince the facts here supported such a charge, appellant's [robbery] conviction is reversed and remanded for a new trial in which the jury may be instructed on resisting a merchant").

court to address its sua sponte consideration of harmless error in its opinions, nor does *Knowles* dictate such.[5]

For all of these reasons, I cannot say beyond a reasonable doubt that the error here did not affect the verdict, especially where the jury accepted and did not reject the next immediate lesser included offense of theft. Thus under *DiGuilio* "the error is by definition harmful." 491 So. 2d at 1139.

---

Opinion subject to revision prior to official publication.

---

[5] Sections 59.041, Florida Statutes (2024) (cited by the majority) and 924.33 were enacted in 1911 and 1939 respectively, *see DiGuilio*, 491 So. 2d at 1133 & n.6, and bound the courts in the above-cited cases discussing the resisting a merchant instruction. At least one court has determined that there is "no meaningful difference between" the harmless error standards described in section 924.33, applicable in criminal cases, and section 59.041, applicable in civil and criminal cases, "assuming that Section 59.041 has any continued viability in a criminal appeal." *Libertucci v. State*, 395 So. 2d 1223, 1226 n.7 (Fla. 3d 1981). Additionally, courts have used "harmful" and "reversible" error interchangeably. *See Hayes v. State*, 276 So. 3d 950, 954 (Fla. 3d DCA 2019) (describing situations in which similar fact evidence "is not harmful, i.e., reversible"); *Carr v. State*, 578 So. 2d 398, 399 (Fla. 1st DCA 1991) (same).