PER CURIAM.
The state charged Xavier Spencer with principal in the first degree to robbery, a second-degree felony.[1] Spencer testified at trial that he witnessed but did not participate in, aid or abet the crime. The trial court instructed the jury on robbery and the necessarily and permissive lesser-included misdemeanor offenses of petit theft and assault, respectively.[2] The verdict form gave the jury the following four options: guilty of robbery as charged; guilty of the lesser-included offense of petit theft; guilty of the lesser-included offense of assault; not guilty. The court explained to the jury, ‘You may find the defendant guilty as charged in the information, or guilty of such lesser included crime as the evidence may justify!,] or not guilty.”
When the jury returned from deliberating, it presented to the court a verdict form on which two of the four choices were marked: guilty of petit theft and guilty of assault.[3] The jury confirmed its verdict was unanimous. However, the court sent the jury back to deliberate further, telling them “you’ve got four choices and you can only pick one of those.... [J]ust mark out the one that you decided not on.” When the jury returned the second time, its unanimous verdict was guilty of robbery as charged. Spencer moved for a new trial arguing that the court incorrectly instructed the jury it could only convict him of one offense, and that the error caused the jury to convict him of robbery instead of petit theft and assault. The court denied the motion for new trial reasoning that even if the instruction was incorrect, which it was,[4] the jury’s second verdict was consis *903 tent with the evidence and with Spencer’s theory of defense.
We conclude the trial court should have granted Spencer a new trial. By rejecting [5] the initial verdict and giving an incorrect or, at least, ambiguous instruction, the court caused the jury to change its verdict. Even if the evidence supports a conviction for robbery, the court effectively vetoed the jury’s decision to exercise its pardon power by acquitting Spencer of robbery and convicting him, instead, of two misdemeanors. See Sanders v. State, 946 So.2d 953, 957 (Fla.2006) (explaining that a jury has inherent power “to acquit a defendant of a greater offense and convict him or her of a lesser one even though the evidence supports both crimes.”). This was error, and Spencer is entitled to a new trial.
REVERSED and REMANDED.
WETHERELL, MARSTILLER, and RAY, JJ., concur.

. See §§ 777.011; 812.13(2)(c), Fla. Stat. (2008).

. See §§ 784.011(2); 812.014(3), Fla. Stat. (2008); Fla. Std. Jury Instr. (Crim.) 15.1.

. This verdict form is not in the record on appeal. Neither is it in the trial court's case file, apparently.

. See, e.g., Bell v. State, 437 So.2d 1057, 1061 (Fla.1983) (explaining how to instruct the jury on the lesser-included crimes in a drug trafficking prosecution; stating that after instructing on the greater offense and all the appropriate lesser-included offenses, "[t]he jury then must be further instructed that it can convict of either the greater offense or one or more of the lesser included offenses ....”) (emphasis added); and see Stuckey v. State, 972 So.2d 918, 921 (Fla. 5th DCA 2007) (concluding that defendant who was charged with and prosecuted for robbery could be convicted of both lesser-included crimes of petit theft and resisting a merchant).

. We have no doubt the trial court in good faith exercised its authority under Florida Rule of Criminal Procedure 3.530, which provides:
If a verdict is so defective that the court cannot determine from it whether the jurors intended to acquit the defendant or to convict the defendant of an offense for which judgment could be entered under the indictment or information on which the defendant is tried, or cannot determine from it on what count or counts the jurors intended to acquit or convict the defendant, the court shall, with proper instructions, direct the jurors to reconsider the verdict, and the verdict shall not be received until it shall clearly appear therefrom whether the jurors intended to convict or acquit the defendant and on what count or counts they intended to acquit or convict the defendant. If the jury persists in rendering a defective verdict, the court shall declare a mistrial.