PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee proposes new instructions 19.7 (Official Misconduct) and 26.9 (Money Laundering). The Committee published both proposals in The Florida Bar News. Two comments were received pertaining to instruction 26.9.
Having considered the Committee’s report and the comments received by the Committee, we authorize the new instructions for publication and use as follows: instruction 19.7 (Official Misconduct) is authorized with minor modification to the Comment section to the instruction, to in- *55 elude a citation to section 838.022(2)(a), Florida Statutes, for the proposition that the term “public servant” does not include a candidate who does not otherwise qualify as a public servant, while instruction 26.9 (Money Laundering) is authorized as proposed.
The new instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[1] New language is indicated by underlining. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, concur.
APPENDIX
19.7 OFFICIAL MISCONDUCT
§ 838.022, Fla. Stat.
To prove the crime of Official Misconduct, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) was a public servant.
2. While a public servant, (defendant) Give as applicable.
a. [falsified] [caused another person to falsify] an [official record] [official document].
b. [concealed] [covered up] [destroyed] [mutilated] [altered] an [official record] [official document] [or caused another person to perform such an act],
c. [obstructed] [delayed] [prevented] the communication of information relating to the commission of a felony that directly involved or affected the public [agency] [entity] served by (defendant).
3.(Defendant) did so with corrupt intent to [obtain a benefit for a person] [cause harm to another].

Definitions.

Fla. Stat. § 838.014.(1).

“Benefit” means gain or advantage or anything regarded by the person to be benefited as a gain or advantage, including the doing of an act beneficial to any person in whose welfare he or she is interested, including any commission, gift, gratuity, property, commercial interest, or any other thing of economic value not authorized by law.

Fla. Stat. § 838.0U(ti.

*56 “With corrupt intent” means acting knowingly and dishonestly for a wrongful purpose.

Fla. Stat. § 838.0U(5).

“Harm” means pecuniary or other loss, disadvantage, or injury to the person affected.

Fla. Stat. § 838.014(6).

“Public Servant” means:
a. Any officer or employee of any state, county, municipal or special district agency or entity;
b. Any legislative or judicial officer or employee;
c. Any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function.

Fla. Stat. § 838.022(2)(b).

“Official Record” or “Official Document” includes only public records.

Fla. Stat. § 119.011(12).

“Public Records” means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.

Give if applicable. Fla. Stat. § 775.08(1).

“Felony” means any criminal offense punishable by death or imprisonment in excess of one year.
Lesser Included Offenses
[[Image here]]
Comment
Committee Note: A candidate for public office or a person who has been elected but has yet to officially assume the responsibilities of public office does not qualify as a public servant. § 838.022(2)(a), Fla. Stat. (2012).
This instruction was adopted in 2013.
26.9 MONEY LAUNDERING
§ 896.101(3)(a), (3)(b), or (3)(c), Fla. Stat.

Give if Fla. Stat. § 896.101(3)(a) is charged:

To prove the crime of Money Laundering, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) [conducted] [attempted to conduct] a financial transaction.
2. The money or property involved in the financial transaction represented the proceeds of (describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document).
*57 3. (Defendant) knew the money or property involved in the financial transaction represented the proceeds of some form of unlawful activity.

Give ka and/or jb as applicable.

4. a. (Defendant) did so with the intent to promote the carrying on of (describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document).
b. (Defendant) knew that the transaction was designed in whole or in part
1. to [conceal] [disguise] the [nature] [location] [source] [ownership] [control] of the proceeds of (describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document);
[or]
2. to avoid a [transaction reporting requirement] [money transmitters’ registration requirement] under state law.

Give if Fla. Stat § 896.101(3)(b) is charged:

To prove the crime of Money Laundering, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [transported] [attempted to transport] [a monetary instrument] [funds].

Give 2a and/or 2b as applicable.

2. a. (Defendant) did so with the intent to promote the carrying on of (describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document);
[or]
b. (Defendant) knew that the [monetary instrument] [funds] involved in the transportation represented the proceeds of some form of unlawful activity and also knew that such transportation was designed in whole or in part
1. [to conceal] [to disguise] the [nature] [location] [source] [ownership] [control] of the proceeds of (describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document);
[or]
2. to avoid a [transaction reporting requirement] [money transmitters’ registration requirement] under state law.

Give if Fla. Stat. § 896.101(3)(c) is charged:

To prove the crime of Money Laundering, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [conducted] [attempted to conduct] a financial transaction.
2. The financial transaction involved [property] [proceeds] which [an investigative or law enforcement officer] [someone acting under an investigative or law enforcement officer’s direction] represented as being [derived from] [used to conduct or facilitate] (describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document).
3. (Defendant) did so with the intent to

Give 3a and/or 3b and/or 3c as applicable.

*58 a. promote the carrying on of describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document);
[or]
b. [conceal] [disguise] the [nature] [location] [source] [ownership] [control] of the [proceeds] [property believed to be the proceeds] of (describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document);
[or]
c. avoid a transaction reporting requirement under state law.

Give if applicable. Fla. Stat. § 896.101(A).

It is not a defense to Money Laundering that:
(a) Any stratagem or deception, including the use of an undercover operative or law enforcement officer, was employed.
(b) A facility or an opportunity to engage in conduct in violation of this act was provided.
(c) A law enforcement officer, or person acting under direction of a law enforcement officer, solicited a person predisposed to engage in conduct in violation of any provision of this chapter to commit a violation of this chapter in order to gain evidence against that person, provided such solicitation would not induce an ordinary law-abiding person to violate this law.

Note to Judge: This subsection does not preclude the defense of entrapment. See jury instruction S.6(j).

Definitions.

Fla. Stats. § 896.101(2)(a), § 896.101(2)(p).

“Knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity” means that the person knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state or federal law, regardless of whether such activity is (describe the specified unlawful activity listed in Fla. Stat. 895.02 that is alleged in the charging document). A “felony” is a crime punishable by death or imprisonment in excess of one year. (Name of crime) is a felony.

Fla. Stat. § 896.101(2)(b).

“Conducts” includes initiating, concluding, or participating in initiating or concluding a transaction.

Fla, Stat. § 896.101(2) (c).

“Transaction” means a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safety deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

Fla. Stat. § 896.101(2)(d).

“Financial transaction” means a transaction involving the movement of funds by wire or other means or involving one or more monetary instruments, which in any way or degree affects commerce, or a transaction involving the transfer of title to any real property, vehicle, vessel, or aircraft, or a transac- *59 institution which is engaged m, or the activities of which affect, commerce in any way or degree. tion involving the use of a financial

Fla. Stat. § 896.101(2)(f).

“Financial institution” means [an insured bank] [a commercial bank or trust company] [a private banker] [an agency or branch of a foreign bank] [a credit union] [a thrift institution] [a broker or dealer in securities or commodities] [an investment banker or investment company] [a currency exchange] [an operator of a credit card system] [an insurance company] [a dealer in precious metals, stones, or jewels] [a pawnbroker] [a loan or finance company] [a travel agency] [a telegraph company] [the United States Postal Service] [ (list one of the other institutions enumerated in 31 U.S.C. § 5312) ], that is located in Florida.

Fla. Stat. § 896.101(2)(e).

“Monetary instruments” means coin or currency of the United States or of any other country, travelers’ checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that thereto passes upon delivery. or otherwise in such form that title

Fla. Stat. § 896.101(2)(h).

“Knowing” means that a person knew; or, with respect to any transaction or transportation involving more than $10,000 in U.S. currency or foreign equivalent, should have known after reasonable inquiry, unless the person has a duty to file a federal currency transaction report, IRS Form 8300, or a like report under state law and has complied with that reporting requirement in accordance with law.

Fla. Stat. § 896.101(3)(d).

“Investigative or law enforcement officer” means any officer of the State of Florida or political subdivision thereof, of the United States, or of any other state or political subdivision thereof, who is empowered by law to conduct, on behalf of the government, investigations of, or to make arrests for, offenses enumerated in this subsection or similar federal offenses.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
[[Image here]]

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org/jury-instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.