# Supreme Court of Florida

_____

No. SC18-1295
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-06.**

December 20, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amendments to four existing standard criminal jury

instructions:  15.1 (Robbery); 15.2 (Carjacking); 15.3 (Home-Invasion Robbery);

and 26.9 (Money Laundering).  The proposals were published by the Committee in

*The Florida Bar News*; one comment was received from the Florida Public

Defender Association (FPDA) concerning the proposed amendments to

instructions 15.1, 15.2, and 15.3.  The Committee made one of the changes

proposed by the FPDA prior to filing its report with the Court, but declined to

make the other proposed change. The proposals were not published by the Court after having been filed by the Committee.

Having considered the Committee's report and the FPDA comment, we amend the standard jury instructions as proposed by the Committee, with one technical correction to a comment, and authorize them for publication and use. We discuss the more significant amendments below.

First, nonsubstantive revisions are made to several of the elements in instructions 15.1, 15.2, and 15.3 to improve readability or better track statutory language for the offenses covered by those instructions. Additionally, instructions 15.1, 15.2, and 15.3 are amended to replace "the" before "victim" with "that" or "a" to replace "victim" with the alleged victim's name throughout the instructions to avoid the trial court's accidentally referring to the alleged victim as a "victim." Statutory citations are also added above various definitions and paragraphs throughout these three instructions. Further, a bracketed sentence is added to the "Force" section of these instructions reading: "The law does not require the force, violence, assault, or putting in fear to be exerted against the victim from whom the property was taken if the force, violence, assault, or putting in fear was exerted against another in the course of the taking." A citation to *Thomas v. State*, 36 So. 3d 853 (Fla. 3d DCA 2010), is added above that paragraph in each of those three instructions.

Instructions 15.1, 15.2, and 15.3 are also amended to add a definition of "great bodily harm" stating that " 'Great bodily harm' means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises." A citation to *Wheeler v. State*, 203 So. 3d 1007 (Fla. 4th DCA 2016), is added above that definition in each of those instructions. New paragraphs are added to the comments section of instructions 15.1, 15.2, and 15.3, and an existing paragraph in the comments section of each of those instructions is revised. However, we caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.

Next, the crime of resisting a merchant is added as a category-two lesser-included offense for carjacking in instruction 15.2.

With regard to instruction 26.9, several of the elements of the crime money laundering are revised to better track statutory language governing that offense. Additionally, a last element is added reading: "The money or property involved in the financial transaction exceeded $300 in any 12-month period." This amendment is made to address language found in section 896.101(5), Florida Statutes (2018). Further, a paragraph is added to the instruction providing: "A[n] (name of the specified unlawful activity in § 895.02(8)(a)(1.-50. alleged) consists of (give elements of the specified unlawful activity alleged). *(If applicable, also explain*

*attempt, conspiracy, solicitation, coercion, and/or intimidation to commit the*

*specified unlawful activity.)*"

Next, the phrase "virtual currency" is added to the definition of "monetary instruments" in instruction 26.9 to track recent statutory amendments, *see* ch. 2017-155, §12, at 5, Laws of Fla., and a definition of "virtual currency" based on section 896.101(2)(j), Florida Statutes (2018), is added to the instruction. A lesser-included offense table is added to the instruction and contains second- and third-degree money laundering as category-one lesser-included offenses for first-degree money laundering. Last, a paragraph is added to the instruction directing the jury, if it found the defendant guilty of money laundering, to determine whether the transaction involved more than $300 but less than $20,000, $20,000 or more but less than $100,000, or $100,000 or more during any 12-month period, to determine the felony degree of the offense.

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated

_____

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

by underlining, and deleted language is indicated by struck-through type.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED ON OR BEFORE DECEMBER 27, 2018.  A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED ON OR BEFORE JANUARY 2, 2019.  NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 15.1 ROBBERY
§ 812.13, Fla. Stat.

**To prove the crime of Robbery, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **took [the] [a] [an]** (money or property described in charge) **from the person or custody of** (person alleged)**.**

2. **Force, violence, assault, or putting in fear was used in the course of the taking.**

3. **The property taken was of some value.**

4. **The taking was with the intent to permanently or temporarily [deprive** (victim) **of [his] [her] right to the property or any benefit from it] [appropriate the property of** (victim) **to [his] [her] own use or to the use of any person not entitled to it].**

*Definitions.*
*Assault. § 784.011, Fla. Stat. Give if applicable.*
**An "assault" is an intentional and unlawful threat, either by word or act, to do violence to a victim, when it appears the person making the threat has the ability to carry out the threat, and the act creates in the mind of ~~the~~ that victim a well-founded fear that violence is about to take place.**

*Fear. Give <u>only</u> if applicable. Smithson v. State, 689 So. 2d 1226 (Fla. 5~~th~~th DCA 1997).*
**If the circumstances were such as to ordinarily induce fear in the mind of a reasonable person, then ~~the~~a victim may be found to have been in fear, and actual fear on the part of ~~the~~a victim need not be shown.**

*In the course of the taking. § 812.13(3)(b), Fla. Stat.*
**"In the course of the taking" means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute a continuous series of acts or events.**

*Afterthought. Give only if applicable. DeJesus v. State, 98 So. 3d 105 (Fla. 2d DCA 2012).*

**If you find that the taking of property occurred as an afterthought to the use of force or violence [or the threat of force or violence] against the victim(victim), the taking does not constitute rRobbery, but may still constitute tTheft.**

*Title to property. Give if applicable.*

**In order for a taking of property to be rRobbery, it is not necessary that the person robbed be the actual owner of the property. It is sufficient if the victimperson has the custody of the property at the time of the offense.**

*Force. Give bracketed language only if applicable. Thomas v. State, 36 So. 3d 853 (Fla. 3d DCA 2010).*

**The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victima person, or by putting the victima person in fear so that the victimhe or she does not resist. [The law does not require the force, violence, assault, or putting in fear to be exerted against the victim from whom the property was taken if the force, violence, assault, or putting in fear was exerted against another in the course of the taking.] The law does not require that thea victim of rRobbery resist to any particular extent or that thea victim offer any actual physical resistance if the circumstances are such that thea victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.**

*Victim unconscious. Give only if applicable.*

**It is also rRobbery if a person, with intent to take the property from a victim, administers any substance to another so that the victim so that [he] [she] becomes unconscious and then takes the property from the person or custody of thethat victim.**

*Taking. Give if applicable.*

**In order for a taking by force, violence, or putting in fear to be rRobbery, it is not necessary that the taking be from the person of thea victim. It is sufficient if the property taken is under the actual controlcustody of thea victim so that it cannot be taken without the use of force, violence, or intimidation directed against thea victim.**

*Enhanced penalty. Give only if applicable. § 812.13(3)(a), Fla. Stat.*

7

If you find the defendant guilty of the crime of ~~r~~Robbery, you must further determine beyond a reasonable doubt if "in the course of committing the robbery" the defendant carried some kind of weapon. An act is "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.

*With a firearm. § 812.13(2)(a), Fla. Stat.*
If you find that the defendant carried a firearm in the course of committing the ~~r~~Robbery, you should find [him] [her] guilty of ~~r~~Robbery with a firearm.

A "firearm" means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is (*insert definition in § 790.001(1), Fla. Stat.)*] [A destructive device is (*insert definition in § 790.001(4), Fla. Stat.)*]

*With a deadly weapon. § 812.13(2)(a), Fla. Stat.*
If you find that the defendant carried a (deadly weapon described in charge) in the course of committing the ~~r~~Robbery and that the (deadly weapon described in charge) was a deadly weapon, you should find [him] [her] guilty of ~~r~~Robbery with a deadly weapon.

A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.

*With other weapon. § 812.13(2)(b), Fla. Stat.*
If you find that the defendant carried a weapon that was not a firearm or a deadly weapon in the course of committing the ~~r~~Robbery, you should find [him] [her] guilty of ~~r~~Robbery with a weapon.

A "weapon" is defined to mean any object that could be used to cause death or inflict serious bodily harm.

8

*With no firearm or weapon. § 812.13(2)(c), Fla. Stat.*

**If you find that the defendant carried no firearm or weapon in the course of committing the ~~r~~Robbery, but did commit the ~~r~~Robbery, you should find [him] [her] guilty only of ~~r~~Robbery.**

*~~If applicable, see Instruction 5.1 for "attempt".~~*

## Lesser Included Offenses

| *ROBBERY WITH A FIREARM OR DEADLY WEAPON — 812.13(2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Robbery with a weapon | | 812.13(2)(b) | 15.1 |
| Robbery | | 812.13(2)(c) | 15.1 |
| Petit theft – second degree | | 812.014(3)(a) | 14.1 |
| Assault (if assault was charged) | | 784.011 | 8.1 |
| | Grand theft – first degree | 812.014(2)(a) | 14.1 |
| | Display of firearm | 790.07(4) | 10.4 |
| | Aggravated Battery | 784.045 | 8.4 |
| | Grand theft – second degree | 812.014(2)( b) | 14.1 |
| | Robbery by sudden snatching with a firearm or deadly weapon | 812.131(2)(a) | 15.4 |
| | Display of firearm | 790.07(2) | 10.3 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Felony Battery | 784.041 | 8.5 |
| | Robbery by Sudden Snatching | 812.131(2)(b) | 15.4 |
| | Grand theft – third degree | 812.014(2)(c) | 14.1 |
| | Grand theft – third degree | 812.014(2)(d) | 14.1 |
| | Display of firearm | 790.07(1) | 10.3 |
| | Felony Petit Theft | 812.014(3)(c) | 14.1 |
| | Petit theft – first degree | 812.014(2)(e) | 14.1 |
| | Petit theft – first degree | 812.014(3)(b) | 14.1 |
| | Battery | 784.03 | 8.3 |
| | Resisting a Merchant | 812.015(6) | 14.4 |

10

| \*ROBBERY WITH A WEAPON — 812.13(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Robbery | | 812.13(2)(c) | 15.1 |
| Petit theft – second degree | | 812.014(3)(a) | 14.1 |
| Assault (if assault was charged) | | 784.011 | 8.1 |
| | Grand theft – first degree | 812.014(2)(a) | 14.1 |
| | Display of a weapon | 790.07(4) | 10.4 |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated Battery | 784.045 | 8.4 |
| | Grand theft – second degree | 812.014(2)(b) | 14.1 |
| | Robbery by sudden snatching with a firearm or deadly weapon | 812.131(2)(a) | 15.4 |
| | Display of firearm | 790.07(2) | 10.3 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Felony battery | 784.041 | 8.5 |
| | Robbery by sudden snatching | 812.131(2)(b) | 15.4 |
| | Grand theft – third degree | 812.014(2)(c) | 14.1 |
| | Grand theft – third degree | 812.014(2)(d) | 14.1 |
| | Display of firearm | 790.07(1) | 10.3 |
| | Felony petit theft | 812.014(3)(c) | 14.1 |
| | Petit theft – first degree | 812.014(2)(e) | 14.1 |
| | Petit theft – first degree | 812.014(3)(b) | 14.1 |
| | Battery | 784.03 | 8.3 |
| | Resisting a Merchant | 812.015(6) | 14.4 |

| ROBBERY — 812.13(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft – second degree | | 812.014(3)(a) | 14.1 |
| Assault (if assault was charged) | | 784.011 | 8.1 |
| | Grand theft – second degree | 812.014(2)(b) | 14.1 |
| | Robbery By Sudden Snatching with a firearm or deadly weapon | 812.131(2)(a) | 15.4 |
| | Display of firearm | 790.07(2) | 10.3 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Felony Battery | 784.041 | 8.5 |
| | Robbery by sudden snatching | 812.131(2)(b) | 15.4 |
| | Grand theft – third degree | 812.014(2)(c) | 14.1 |
| | Grand theft – third degree | 812.014(2)(d) | 14.1 |
| | Display of firearm | 790.07(1) | 10.3 |
| | Felony petit theft | 812.014(3)(c) | 14.1 |
| | Petit theft – first degree | 812.014(2)(e) | 14.1 |
| | Petit theft – first degree | 812.014(3)(b) | 14.1 |
| | Battery | 784.03 | 8.3 |
| | Resisting a Merchant | 812.015(6) | 14.4 |

## Comments

If applicable, see Instruction 5.1 for "attempt."

*The felony degree of a Robbery gets bumped up if a defendant carried a firearm or a deadly weapon or a weapon. In *Sanders v. State*, 944 So. 2d 203, 207 n.3 (Fla. 2006) (Pariente, J., concurring), some Florida Supreme Court justices expressed a preference to have findings for carrying a firearm or a deadly weapon

12

or a weapon made in a separate interrogatory rather than as part of lesser-included offenses.

For the crime of rRobbery, according the First and Fifth DCAs, upon request, the judge must instruct that the a jury can convict a defendant of two lesser-included offenses such as 1) theft and assault or 2) theft and resisting a merchant in appropriate cases. See*Spencer v. State*, 71 So. 3d 901 (Fla. 1ªst DCA 2011), and *Stuckey v. State*, 972 So. 2d 918 (Fla. 5ᵗʰth DCA 2007). *See also Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005)(holding that a defendant is entitled to have a jury consider convicting of the two separate component offenses of a compound offense). However, according to the Third DCA, the jury should be given the option of finding multiple lesser-included offenses only if there is evidence that the force, violence, assault or putting in fear was not used in the course of the taking. *Gordon v. State*, 219 So. 3d 189 (Fla. 3rd DCA 2017).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1989 [543 So.2d 1205], 1995 [665 So. 2d 212], 2008 [982 So. 2d 1160], and 2013 [122 So. 3d 263], and 2018.

# 15.2 CARJACKING
§ 812.133, Fla. Stat.

**To prove the crime of Carjacking, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Defendant) **took** ~~the~~**a motor vehicle from the person or custody of** (~~victim~~**person alleged**)**.**

2.      **Force, violence, assault, or putting in fear was used in the course of the taking.**

3.      **The taking was with the intent to temporarily or permanently [deprive** (victim) **of [his] [her] right to the motor vehicle or any benefit from it] [appropriate the motor vehicle of** (victim) **to [his] [her] own use or to the use of any person not entitled to it].**

*Definitions.*
*Medrano v. State, 199 So. 3d 413 (Fla. 4th DCA 2016). § 320.01, Fla. Stat.*

13

**"Motor vehicle" means an automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power, but the term does not include traction engines, road rollers, personal delivery devices, special mobile equipment, vehicles that run only upon a track, bicycles, swamp buggies, or mopeds.**

*Assault. § 784.011 Fla. Stat. Give if applicable.*
**An "assault" is defined as an intentional and unlawful threat, either by word or act, to do violence to a victim, when it appears the person making the threat has the ability to carry out the threat, and the act creates in the mind of ~~the~~that victim a well-founded fear that violence is about to take place.**

*Fear. Give only if applicable. Smithson v. State, 689 So. 2d 1226 (Fla. 5~~th~~th DCA 1997).*
**If the circumstances were such as to ordinarily induce fear in the mind of a reasonable person, then ~~the~~a victim may be found to have been in fear, and actual fear on the part of ~~the~~a victim need not be shown.**

*In the course of the taking. § 812.133(3)(b), Fla. Stat.*
**"In the course of the taking" means that the act occurred before, during, or after the taking of the motor vehicle and that the act and the taking of the motor vehicle constitute a continuous series of acts or events.**

*Afterthought. Give only if applicable. DeJesus v. State, 98 So. 3d 105 (Fla. 2d DCA 2012).*
**If you find that the taking of the motor vehicle occurred as an afterthought to the use of force or violence [or the threat of force or violence] against (victim), the taking does not constitute ~~robbery~~Carjacking, but may still constitute ~~g~~Grand ~~t~~Theft ~~m~~Motor ~~v~~Vehicle.**

*Title to motor vehicle. Give if applicable.*
**In order for a taking of the motor vehicle to be ~~c~~Carjacking, it is not necessary that the ~~victim~~person carjacked be the ~~actual~~ owner of the motor vehicle. It is sufficient if the ~~victim~~person has ~~the~~ custody of the motor vehicle at the time of the offense.**

*Force. Give bracketed language only if applicable. Thomas v. State, 36 So. 3d 853 (Fla. 3d DCA 2010).*

14

**The taking must be by the use of force or violence or by assault so as to overcome the resistance of ~~the victim~~a person, or by putting ~~the victim~~a person in fear so that ~~the victim~~he or she does not resist. [The law does not require the force, violence, assault, or putting in fear to be exerted against the victim from whom the motor vehicle was taken if the force, violence, assault, or putting in fear was exerted against another in the course of the taking.]The law does not require that ~~the~~a victim of ~~c~~Carjacking resist to any particular extent or that ~~the~~a victim offer any actual physical resistance if the circumstances are such that ~~the~~a victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.**

*Victim unconscious. Give only if applicable.*
**It is also ~~c~~Carjacking if a person, with intent to take the motor vehicle from a victim, administers any substance to ~~the~~that victim so that [he] [she] becomes unconscious and then takes the motor vehicle from the person or custody of ~~the~~that victim.**

*Taking. Give if applicable.*
**In order for a taking by force, violence, or putting in fear to be Carjacking, it is not necessary that the taking be from the person of a victim. It is sufficient if the motor vehicle taken is under the custody of a victim so that it cannot be taken without the use of force, violence, or intimidation directed against a victim.**

*Enhanced penalty. Give only if applicable. §§ 812.133(2)(a) and 812.133(3)(a) Fla. Stats.*
**If you find the defendant guilty of the crime of ~~c~~Carjacking, you must further determine beyond a reasonable doubt if "in the course of committing the ~~c~~Carjacking" the defendant carried ~~some kind of~~a firearm or other deadly weapon. An act is "in the course of committing the ~~c~~Carjacking" if it occurs in an attempt to commit ~~c~~Carjacking or in flight after the attempt or commission.**

*With a firearm or deadly weapon. § 812.133(2)(a), Fla. Stat.*
**If you find that the defendant carried a firearm or other deadly weapon in the course of committing the ~~c~~Carjacking, you should find [him] [her] guilty of ~~c~~Carjacking with a firearm or deadly weapon.**

**A "firearm" means any weapon [including a starter gun] which will, is**

15

**designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is** (*insert definition in § 790.001(1), Fla. Stat.)*] **[A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.)*]

**A "weapon" is defined to mean any object that could be used to cause death or inflict serious bodily harm.**

**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

*With no firearm or weapon.* § 812.133(2)(b) Fla. Stat.
**If you find that the defendant carried no firearm or deadly weapon in the course of committing the eCarjacking, but did commit the eCarjacking, you should find [him] [her] guilty only of eCarjacking.**

*The only enhancement under the statute is for carrying a firearm or other deadly weapon, not for carrying a nondeadly weapon as in the robbery statute.*

*If applicable, see Instruction 5.1 for "attempt."*

**Lesser Included Offenses**

| *CARJACKING — 812.133 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Robbery | | 812.13(2)(c) | 15.1 |
| Grand theft – motor vehicle | | 812.014(2)(c)6 | 14.1 |
| Assault (if assault was charged) | | 784.011 | 8.2 |
| | Aggravated Battery | 784.045 | 8.4 |
| | Attempted Carjacking | 777.04(1) | 5.1 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Felony Battery | 784.041 | 8.5 |
| | Battery | 784.03 | 8.3 |
| | Resisting a Merchant | 812.015(6) | 14.4 |

**Comments**

*The only increased penalty under the Carjacking statute is for carrying a firearm or other deadly weapon, not for carrying a weapon as in the Robbery statute. In *Sanders v. State*, 944 So. 2d 203, 207 n.3 (Fla. 2006) (Pariente, J., concurring), some Florida Supreme Court justices expressed a preference to have findings for carrying a firearm or a deadly weapon made in a separate interrogatory rather than as part of lesser-included offenses.

If applicable, see Instruction 5.1 for "attempt."

For the crime of cCarjacking, it is likely that athe First, Fourth, and Fifth DCAs would hold that the judge must, upon request, instruct that the jury can convict a defendant of two lesser-included offenses such as grand theft auto and assault. SeeSpencer v. State, 71 So. 3d 901 (Fla. 1st DCA 2011); *Stuckey v. State*, 972 So. 2d 918 (Fla. 5th DCA 2007); *Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005) (holding that a defendant is entitled to have a jury consider convicting of the two separate component offenses of a compound offense). However, according to the Third DCA, the jury should be given the option of finding multiple lesser-included offenses only if there is evidence that the force, violence, assault or putting in fear was not used in the course of the taking. *Gordon v. State*, 219 So. 3d 189 (Fla. 3rd DCA 2017).

This instruction was adopted in 1997 [697 So.2d 84] and amended in 2008 [982 So. 2d 1160], ~~and~~ 2013 [122 So. 3d 263], and 2018.

## 15.3 HOME-INVASION ROBBERY
§ 812.135, Fla. Stat.

**To prove the crime of Home-Invasion Robbery, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **entered the dwelling of** (victim)**.**

2. **At the time** (defendant) **entered the dwelling, [he] [she] intended to commit robbery.**

3. **While inside the dwelling,** (defendant) **did commit robbery.**

**A robbery consists of the following:**

1. (Defendant) **took** ~~money or property~~**[the] [a] [an]** (money or property described in charge) **from the person or custody of** ~~another~~(person alleged)**.**

2. **Force, violence, assault, or putting in fear was used in the course of the taking.**

3. **The property taken was of some value.**

4. **The taking was with the intent to permanently or temporarily [deprive** ~~another~~(victim) **of [his] [her] right to the property or any benefit from it] [appropriate the property of** ~~another~~(victim) **to [his] [her] own use or to the use of any person not entitled to it].**

*Definitions.*
*Assault. § 784.011, Fla. Stat. Give if applicable.*
**An "assault" is defined as an intentional and unlawful threat, either by word or act, to do violence to a victim, when it appears the person making the threat has the ability to carry out the threat, and the act creates in the mind of** ~~the~~that **victim a well-founded fear that violence is about to take place.**

18

*Fear. Give <u>only</u> if applicable. Smithson v. State, 689 So. 2d 1226 (Fla. 5~~th~~<u>th</u> DCA 1997).*

**If the circumstances were such as to ordinarily induce fear in the mind of a reasonable person, then ~~the~~<u>a</u> victim may be found to have been in fear, and actual fear on the part of ~~the~~<u>a</u> victim need not be shown.**

*In the course of the taking. <u>§ 812.13(3)(b), Fla. Stat.</u>*

**"In the course of the taking" means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute a continuous series of acts or events.**

*Afterthought. Give <u>only</u> if applicable. DeJesus v. State, 98 So. 3d 105 (Fla. 2d DCA 2012).*

**If you find that the taking of property occurred as an afterthought to the use of force or violence [or the threat of force or violence] against** (victim)**, the taking does not constitute ~~r~~<u>R</u>obbery but may still constitute ~~t~~<u>T</u>heft.**

*Title to property. Give if applicable.*

**In order for a taking of property to be ~~r~~<u>R</u>obbery, it is not necessary that the person robbed be the ~~actual~~ owner of the property. It is sufficient if the ~~victim~~<u>person</u> has the custody of the property at the time of the offense.**

*Force. Give <u>bracketed language only</u> if applicable. <u>Thomas v. State, 36 So. 3d 853 (Fla. 3d DCA 2010).</u>*

**The taking must be by the use of force or violence ~~or by assault~~ so as to overcome the resistance of ~~the victim~~<u>a person</u>, or by putting ~~the victim~~<u>a person</u> in fear so that ~~the victim~~<u>he or she</u> does not resist. <u>[The law does not require the force, violence, assault, or putting in fear to be exerted against the victim from whom the property was taken if the force, violence, assault, or putting in fear was exerted against another in the course of the taking.]</u> The law does not require that ~~the~~<u>a</u> victim of ~~r~~<u>R</u>obbery resist to any particular extent or that ~~the~~<u>a</u> victim offer any actual physical resistance if the circumstances are such that ~~the~~<u>a</u> victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear, there must be some resistance to make the taking one done by force or violence.**

*Victim unconscious. Give <u>only</u> if applicable.*

It is also ~~r~~Robbery if a person, with intent to take the property from a victim, administers any substance to ~~another so~~ that ~~the~~ victim so that [he] [she] becomes unconscious and then takes the property from the person or custody of ~~the~~that victim.

*Taking. Give if applicable.*
In order for a taking by force, violence, or putting in fear to be robbery, it is not necessary that the taking be from the person of ~~the~~a victim. It is sufficient if the property taken is under the actual control of ~~the~~a victim so that it cannot be taken without the use of force, violence, or intimidation directed against ~~the~~a victim.

*Definition. Jacobs v. State, 41 So. 3d 1004 (Fla. 1*~~*st*~~*st DCA 2010); DuBose v. State, 210 So. 3d 641 (Fla. 2017).*
"Dwelling" means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. [The enclosure need not be continuous and may have an <u>ungated</u> opening for entering and exiting.]

*Enhanced penalty. Give if applicable.*
If you find the defendant guilty of the crime of ~~h~~Home-~~i~~Invasion ~~r~~Robbery, you must further determine beyond a reasonable doubt if "in the course of committing the ~~h~~Home-~~i~~Invasion ~~r~~Robbery," the defendant carried some kind of weapon.

*With a firearm. § 812.135(2)(a), Fla. Stat.*
If you find that the defendant carried a firearm in the course of committing the ~~h~~Home-~~i~~Invasion ~~r~~Robbery, you should find [him] [her] guilty of ~~h~~Home-~~i~~Invasion ~~r~~Robbery with a firearm.

A "firearm" means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;] [any machine gun]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is (*insert definition in § 790.001(1), Fla. Stat.*)] [A destructive device is (*insert definition in § 790.001(4), Fla. Stat.*)]

20

*With a deadly weapon. § 812.135(2)(a), Fla. Stat.*

**If you find that the defendant carried a** (deadly weapon described in charge) **in the course of committing the ~~h~~Home-~~i~~Invasion ~~r~~Robbery and that the** (deadly weapon described in charge) **was a deadly weapon, you should find [him] [her] guilty of ~~h~~Home-~~i~~Invasion ~~r~~Robbery with a deadly weapon.**

**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

*With other weapon. § 812.135(2)(b), Fla. Stat.*

**If you find that the defendant carried a weapon that was not a firearm or a deadly weapon in the course of committing the ~~h~~Home-~~i~~Invasion ~~r~~Robbery, you should find [him] [her] guilty of ~~h~~Home-~~i~~Invasion ~~r~~Robbery with a weapon.**

**A "weapon" is defined to mean any object that could be used to cause death or inflict serious bodily harm.**

*With no firearm or weapon. § 812.135(2)(c), Fla. Stat.*

**If you find that the defendant carried no firearm or weapon in the course of committing the ~~h~~Home-~~i~~Invasion ~~r~~Robbery, but did commit the ~~h~~Home-~~i~~Invasion ~~r~~Robbery, you should find [him] [her] guilty only of ~~h~~Home-~~i~~Invasion ~~r~~Robbery.**

*~~If applicable, see Instruction 5.1 for "attempt".~~*

21

## Lesser Included Offenses

| *HOME INVASION ROBBERY — 812.135 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Burglary of a dwelling | | 810.02(3) | 13.1 |
| Robbery | | 812.13(2)(c) | 15.1 |
| Burglary of a Structure | | 810.02 | 13.1 |
| Petit theft – second degree | | 812.014(3)(a) | 14.1 |
| Assault | | 784.011 | 8.1 |
| | Grand theft – first degree | 812.014(2)(a) | 14.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated battery | 784.045 | 8.4 |
| | Grand theft – second degree | 812.014(2)(b) | 14.1 |
| | Aggravated assault | 784.021 | 8.2 |
| | Felony battery | 784.041 | 8.5 |
| | Grand theft – third degree | 812.014(2)(c) | 14.1 |
| | Grand theft – third degree | 812.014(2)(d) | 14.1 |
| | Felony petit theft | 812.014(3)(c) | 14.1 |
| | Petit theft – first degree | 812.014(2)(e) | 14.1 |
| | Petit theft – first degree | 812.014(3)(b) | 14.1 |
| | Battery | 784.03 | 8.3 |
| | Trespass | 810.08 | 13.3 |

## Comments

If applicable, see Instruction 5.1 for "attempt."

*The felony degree of a Home-Invasion Robbery gets bumped up if a defendant carried a firearm or a deadly weapon or a weapon. In *Sanders v. State*, 944 So. 2d 203, 207 n.3 (Fla. 2006) (Pariente, J., concurring), some Florida Supreme Court justices expressed a preference to have findings for carrying a

firearm or a deadly weapon or a weapon made in a separate interrogatory rather than as part of lesser-included offenses.

The Home-Invasion Robbery statute does not contain an explanation of "in the course of committing the home-invasion robbery." It is unclear whether the courts would look to the robbery and carjacking statutes so that "in the course of committing" would include an attempt to commit Home-Invasion Robbery or in flight after the attempt or commission.

For the crime of hHome-iInvasion rRobbery, it is likely that athe First, Fourth, and Fifth DCAs would hold that the judge must, upon request, instruct that the jury can convict a defendant of two lesser-included offenses such as theft and assault. See*Spencer v. State*, 71 So. 3d 901 (Fla. 1ªst DCA 2011); *Stuckey v. State*, 972 So. 2d 918 (Fla. 5th DCA 2007); *Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005) (holding that a defendant is entitled to have a jury consider convicting of the two separate component offenses of a compound offense). However, according to the Third DCA, the jury should be given the option of finding multiple lesser-included offenses only if there is evidence that the force, violence, assault or putting in fear was not used in the course of the taking. *Gordon v. State*, 219 So. 3d 189 (Fla. 3rd DCA 2017).

This instruction was adopted in 1997 [697 So.2d 84] and amended in 2008 [982 So. 2d 1160], and 2013 [122 So. 3d 263], and 2018.

## 26.9  MONEY LAUNDERING
§ 896.101(3)(a), (3)(b), or (3)(c), Fla. Stat.

*Give if Fla. Stat. § 896.101(3)(a), Fla. Stat. is charged:*
**To prove the crime of Money Laundering, the State must prove the following fourfive elements beyond a reasonable doubt:**

1. (Defendant) [**conducted**] [**attempted to conduct**] **a financial transaction.**

2. **The money or property involved in the financial transaction represented the proceeds of** (describename of the specified unlawful activity listed in Fla. Stat.§ 895.02(8)(a)1.–50. that is alleged in the charging document)**.**

3. (Defendant) **knew the money or property involved in the financial transaction represented the proceeds of some form of unlawful activity.**

*Give 4a and/or 4b as applicable.*

4.     a.  (Defendant) **did so with the intent to promote the carrying on of** (~~describe~~name of the specified unlawful activity ~~listed~~ in ~~Fla. Stat.~~§ 895.02(8)(a)1.–50. ~~that is~~ alleged ~~in the charging document~~)**.**

    b.  (Defendant) **knew that the transaction was designed in whole or in part**

      1. **to [conceal] [disguise] the [nature] [location] [source] [ownership] [control] of the proceeds of** (~~describe~~name of the specified unlawful activity ~~listed~~ in ~~Fla. Stat.~~§ 895.02(8)(a)1.–50. ~~that is~~ alleged ~~in the charging document~~)**;**

      **[or]**

      2.  **to avoid a [transaction reporting requirement] [money transmitters' registration requirement] under state law.**

5.  <u>**The money or property involved in the financial transaction exceeded $300 in any 12-month period.**</u>

*Give if ~~Fla. Stat.~~ § 896.101(3)(b), Fla. Stat. is charged:*
**To prove the crime of Money Laundering, the State must prove the following ~~two~~<u>three</u> elements beyond a reasonable doubt:**

1. (Defendant) **[transported] [attempted to transport] [a monetary instrument] [funds].**

*Give 2a and/or 2b as applicable.*

2.     a. (Defendant) **did so with the intent to promote the carrying on of** (~~describe~~name of the specified unlawful activity ~~listed~~ in ~~Fla. Stat.~~§ 895.02(8)(a)1.–50. ~~that is~~ alleged ~~in the charging document~~)**;**

      **[or]**

    b. (Defendant) **knew that the [monetary instrument] [funds] involved in the transportation represented the proceeds of some form of**

**unlawful activity and also knew that such transportation was designed in whole or in part**

1. **[to conceal] [to disguise] the [nature] [location] [source] [ownership] [control] of the proceeds of** (describename of the specified unlawful activity listed in Fla. Stat.§ 895.02(8)(a)1.–50. that is alleged in the charging document)**;**

   **[or]**

2. **to avoid a [transaction reporting requirement] [money transmitters' registration requirement] under state law.**

3.  **The money or property involved in the financial transaction exceeded $300 in any 12-month period.**

   *Give if Fla. Stat. § 896.101(3)(c), Fla. Stat. is charged:*
   **To prove the crime of Money Laundering, the State must prove the following threefour elements beyond a reasonable doubt:**

1. (Defendant) **[conducted] [attempted to conduct] a financial transaction.**

2. **The financial transaction involved [property] [proceeds] which [an investigative or law enforcement officer] [someone acting under an investigative or law enforcement officer's direction] represented as being [derived from] [used to conduct or facilitate]** (describename of the specified unlawful activity listed in Fla. Stat.§ 895.02(8)(a)1.–50. that is alleged in the charging document)**.**

3.  (Defendant) **did so with the intent to**

   *Give 3a and/or 3b and/or 3c as applicable.*
   a. **promote the carrying on of** (describename of the specified unlawful activity listed in Fla. Stat.§ 895.02(8)(a)1.–50. that is alleged in the charging document)**;**

      **[or]**

25

**b.** **[conceal] [disguise] the [nature] [location] [source] [ownership] [control] of the [proceeds] [property believed to be the proceeds] of** (~~describe~~name of the specified unlawful activity ~~listed~~ in ~~Fla. Stat.~~§ 895.02(8)(a)1.–50. ~~that is~~ alleged ~~in the charging document~~)**;**

**[or]**

**c.** **avoid a transaction reporting requirement under state law.**

**4. The money or property involved in the financial transaction exceeded $300 in any 12-month period.**

*Give in all cases.*
**A[n]** (name of the specified unlawful activity in § 895.02(8)(a)1.–50. alleged) consists of (give elements of the specified unlawful activity alleged)**.** *(If applicable, also explain attempt, conspiracy, solicitation, coercion, and/or intimidation to commit the specified unlawful activity.*

*Give if applicable.* ~~Fla. Stat.~~ *§ 896.101(4), Fla. Stat.*
**It is not a defense to Money Laundering that:**

**(a)** **Any stratagem or deception, including the use of an undercover operative or law enforcement officer, was employed.**

**(b)** **A facility or an opportunity to engage in conduct in violation of this act was provided.**

**(c)** **A law enforcement officer, or person acting under direction of a law enforcement officer, solicited a person predisposed to engage in conduct in violation of any provision of this chapter to commit a violation of this chapter in order to gain evidence against that person, provided such solicitation would not induce an ordinary law-abiding person to violate this law.**

*Note to Judge: This subsection does not preclude the defense of entrapment. See jury instruction 3.6(j).*

*Definitions.*
~~*Fla. Stats. § 896.101(2)(a),*~~ *§ 896.101(2)(g~~e~~), Fla. Stat.*

26

**"Knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity"** means that the person knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state or federal law, regardless of whether such activity is (~~describe~~name the specified unlawful activity ~~listed~~ in ~~Fla. Stat.~~§ 895.02(8)(a)1.–50. ~~that is~~ alleged ~~in the charging document~~). **A "felony" is a crime punishable by death or imprisonment in excess of one year.** (Name of crime) **is a felony.**

*~~Fla. Stat.~~ § 896.101(2)(~~b~~a), Fla. Stat.*
**"Conduct~~ed~~s"** includes initiating, concluding, or participating in initiating or concluding a transaction.

*~~Fla. Stat.~~ § 896.101(2)(~~e~~i), Fla. Stat.*
**"Transaction" means a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safety deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.**

*~~Fla. Stat.~~ § 896.101(2)(~~d~~c), Fla. Stat.*
**"Financial transaction" means a transaction involving the movement of funds by wire or other means or involving one or more monetary instruments, which in any way or degree affects commerce, or a transaction involving the transfer of title to any real property, vehicle, vessel, or aircraft, or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, commerce in any way or degree.**

*~~Fla. Stat.~~ § 896.101(2)(~~f~~b), Fla. Stat.*
**"Financial institution" means [an insured bank] [a commercial bank or trust company] [a private banker] [an agency or branch of a foreign bank] [a credit union] [a thrift institution] [a broker or dealer in securities or commodities] [an investment banker or investment company] [a currency exchange] [an operator of a credit card system] [an insurance company] [a dealer in precious metals, stones, or jewels] [a pawnbroker] [a loan or finance company] [a travel agency] [a telegraph company] [the United States Postal**

**Service] [**(list one of the other institutions enumerated in 31 U.S.C. § 5312)**], that is located in Florida.**

*Fla. Stat. § 896.101(2)(~~e~~f), Fla. Stat.*
**"Monetary instruments" means coin or currency of the United States or of any other country, <u>virtual currency,</u> travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.**

*§ 896.101(2)(j), Fla. Stat.*
**<u>"Virtual currency" means a medium of exchange in electronic or digital format that is not a coin or currency of the United States or any other country.</u>**

*~~Fla. Stat.~~ § 896.101(2)(~~h~~d), Fla. Stat.*
**"Knowing" means that a person knew; or, with respect to any transaction or transportation involving more than $10,000 in U.S. currency or foreign equivalent, should have known after reasonable inquiry, unless the person has a duty to file a federal currency transaction report, IRS Form 8300, or a like report under state law and has complied with that reporting requirement in accordance with law.**

*~~Fla. Stat.~~ § 896.101(3)(d), Fla. Stat.*
**"Investigative or law enforcement officer" means any officer of the State of Florida or political subdivision thereof, of the United States, or of any other state or political subdivision thereof, who is empowered by law to conduct, on behalf of the government, investigations of, or to make arrests for, offenses enumerated in this subsection or similar federal offenses.**

*§ 896.101(5), Fla. Stat. Give as applicable*
**<u>If you find the defendant guilty of Money Laundering, you must also determine if the State has proven beyond a reasonable doubt whether:</u>**

**a.    <u>the financial transaction involved more than $300 but less than $20,000 during any 12-month period.</u>**

**b.    <u>the financial transaction involved $20,000 or more but less than $100,000 during any 12-month period.</u>**

28

**c.** **the financial transaction involved $100,000 or more during any 12-month period.**

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

| MONEY LAUNDERING ($100,000 OR GREATER IN ANY 12-MONTH PERIOD) — 896.101(3) and 896.101(5)(c) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Money Laundering ($20,000 but less than $100,000 in any 12-month period) | | 896.101(3) and 896.101(5)(b) | 26.9 |
| Money Laundering (more than $300 but less than $20,000 in any 12-month period) | | 896.101(3) and 896.101(5)(a) | 26.9 |

**Comment**

This instruction was adopted in 2013 [123 So. 3d 54] and amended in 2018.